**FILED**

**NOVEMBER 15, 2007**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, )<br><br>Plaintiff, )<br><br>v. )<br><br>CITY OF MARKHAM and City of )<br>Markham Police Officers HARRIS, D. )<br>Walker (Star # 526), and UNKNOWN )<br>MARKHAM POLICE OFFICERS )<br><br>Defendants. ) | **07 C 6490**<br><br>**JUDGE HIBBLER**<br>**MAGISTRATE JUDGE NOLAN**<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

PLAINTIFF FRANKIE BROWN, by and through his attorneys, LOEVY & LOEVY, complains of Defendants, CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. WALKER (Star # 526), and UNKNOWN MARKHAM POLICE OFFICERS ("Defendant Officers"), and states as follows:

### Introduction

1.    This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

2.    Specifically, the allegations that follow establish misuse of a police department's authority to promote an abhorrent homophobic agenda.  While Mr. Brown is reluctant to make public the events described herein, he feels that he must speak out lest this gross misconduct fester within the Markham Police Department without exposure to public scrutiny.

## Jurisdiction and Venue

3.   This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

4.   Venue is proper as Plaintiff resides in this judicial district and Defendant City of Markham is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

## Background

5.   Plaintiff Frankie Brown, 47-years-old, is a long-time resident of Markham, Illinois.

6.   On or about May 31, 2007, several plain-clothed Defendant Officers forced their way into Mr. Brown's house without knocking or announcing their office prior to entering.

7.   At the time the officers forced their way into his home, Mr. Brown was in the bathroom where he was surprised by the Defendant Officers. Mr. Brown was terrified because the Defendants were pointing guns at him and because he had no idea they were police officers.

8.   Mr. Brown was forced to lie on his stomach with assault rifles pointed at his head. The Defendant Officers then handcuffed him, dragged him into an adjacent room, and slammed him into a chair. While the officers searched Mr. Brown's house, additional uniformed Defendant Officers arrived and entered the premises.

2

9.   The Defendant Officers, including but not limited to Defendant Officers Harris and Walker, began making numerous offensive and derogatory statements regarding Mr. Brown's sexual orientation.  Throughout the ordeal, the Defendant Officers continued to make derogatory statements, including but not limited to words to the effect of: "I'll sleep better tonight knowing there is one less fag on the street"; "He is one of those dick-in-the-booty boys"; "We shouldn't be touching him, he takes it in the ass and sucks dick"; and "What does a fag like you need with a lawyer."

10.   The Defendant Officers subsequently moved Mr. Brown, who was still handcuffed and seated, to the doorway of his open front door while they conducted a further search of the house.

11.   The Defendant Officers found a photograph of two of Plaintiff's male relatives and a friend, as well as a homosexual pornographic video, which had been concealed inside Mr. Brown's house.  The Defendant Officers brought the photo and the video outside to show Mr. Brown's neighbors and the other police officers who were gathered around Mr. Brown's house.  The Defendant Officers made degrading comments about Mr. Brown supposedly having sexual relations with the people in the photograph.

3

12.  Mr. Brown, who was humiliated and embarrassed by the Defendant Officers' actions, attempted to move the chair to which he was shackled further inside the house so he would not have to face his neighbors.  This infuriated the Defendant Officers, who dragged Mr. Brown to the front of his house.  The Defendants then placed the picture and the pornographic movie on a ledge next to Mr. Brown so that he and the items were on display for everyone gathered outside.  In an effort to further humiliate Mr. Brown, the Defendant Officers then aimed a police spotlight directly at Mr. Brown, so that Mr. Brown, the picture, and the pornographic video would be illuminated for the neighborhood to see.

13.  This was not a brief episode of humiliation.  Mr. Brown spent well over an hour sitting handcuffed in front of his house spotlighted next to the video and the picture while the Defendant Officers continued to search his house.

14.  After some time, Mr. Brown's nephew, who lives with Mr. Brown and is his legal ward, arrived at the home.  The Defendant Officers immediately began harassing the young man with extremely offensive and derogatory language insinuating that he was involved in sexual activity with his uncle.  Mr. Brown's nephew was so threatened by the Defendant Officers and what they were doing to his uncle that he was forced to leave.

4

15.   The Defendant Officers then informed Mr. Brown's neighbors that Mr. Brown was HIV positive, a fact that Mr. Brown had not previously shared with anyone, and which was only discovered by the Defendant Officers by examining the medications in his medicine cabinet.

16.   Several hours after the Defendant Officers first entered Mr. Brown's home, they transported him, still handcuffed, to the Markham Police Station without any justification.   Mr. Brown was arrested despite the fact that he had committed no crime and the officers found absolutely nothing illegal during their search.   In addition, the Defendant Officers took approximately $150 from Mr. Brown without authorization or explanation.   That money has never been returned to him.

17.   The Defendant Officers unlawfully held Mr. Brown at the police station until the following evening. The Defendant Officers refused to let Mr. Brown leave unless he signed an agreement stating that he would cooperate with the Markham Police Department by informing them about any illegal activity in his neighborhood.   The Defendant Officers then released Mr. Brown without charging him with a crime.

## Count I -- 42 U.S.C. § 1983
### Fourth Amendment

18. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

19. As described more fully above, Plaintiff's home was searched by the Defendant Officers in a manner which violated the Fourth Amendment.

20. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

21. The policy and practice of the City of Markham were the moving force behind these constitutional violations in that:

a. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Markham Police Department in that:

b. As a matter of both policy and practice, the Markham Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

c. As a matter of both policy and practice, the Markham Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Markham

6

Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

   d. Specifically, Markham Police Officers accused of excessive force can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

   e. Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Markham Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Markham Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

   e. Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Markham Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

   f. The City of Markham has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

22.  As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, as well as emotional distress.

23.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

## Count II -- 42 U.S.C. § 1983
### Unlawful Detention

24.  Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

26.  As described more fully above, the Defendant Officers detained Plaintiff unlawfully.

27.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

28.  The misconduct described in this Count was undertaken pursuant to the policy and practice of the Markham Police Department in the manner described in preceding paragraphs.

29.  As a result of the above-described wrongful infringement of his rights, Plaintiff suffered damages, including but not limited to emotional distress and anguish.

30.   The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

### Count III -- Section 1983
### Conspiracy to Deprive Constitutional Rights

31.   Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

32.   The Defendants reached an agreement amongst themselves to unlawfully search Plaintiff's home and falsely arrest him, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various paragraphs of this Complaint.

33.   In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

34.   As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

35.   The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

36.   The misconduct described in this Count was undertaken pursuant to the policy and practice of the Markham

9

Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Markham with final policymaking authority.

## COUNT IV -- State Law Claim
### Conversion

37. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

38. As described more fully in the preceding paragraphs, the Defendant Officers unlawfully exercised dominion or control over Plaintiff's property, which was not returned to Plaintiff.

39. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

40. As a result of Defendant Officers' misconduct described in this Count, as well as the City's policy and practice, Plaintiff has suffered injury, including but not limited to the lost property.

41. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law such that their employer, CITY OF MARKHAM, is liable for their actions.

10

## Count V -- State Law Claim
### False Imprisonment

42. Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

43. Plaintiff was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

44. In the manner described more fully above, the Defendant Officers caused Plaintiff to be unlawfully and unreasonably imprisoned without justification.

45. As a result of this misconduct, Plaintiff has suffered damages, including but not limited to emotional distress.

46. The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

47. The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF MARKHAM, is liable for their actions.

## Count VI -- State Law Claim
### Civil Conspiracy

48. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

11

49.  As described more fully in the preceding paragraphs, Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

50.  In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

51.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

52.  As a proximate result of Defendants' conspiracy, Plaintiff suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

## Count VII -- State Law Claim
### Trespass

53.  Each of the foregoing Paragraphs is incorporated as if restated fully herein.

54.  In the manner described more fully above, the Defendant Officers did knowingly, intentionally, and without lawful justification intrude upon Plaintiff's premises, in which Plaintiff has a possessory interest.

55.  The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

12

56.  As a result of the Defendant Officers' unjustified and unlawful trespass, Plaintiff has suffered injury, including but not limited to emotional distress.

57.  The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, CITY OF MARKHAM, is liable for their actions.

### Count VIII -- State Law Claim
### Illinois Hate Crime Statute, 720 ILCS 5/12-7.1

58.  Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

59.  In the manner described more fully above, the Defendant Officers did commit one or more crime upon Plaintiff by reason of Plaintiff's sexual orientation, thereby committing a hate crime as defined by Illinois statute.

60.  As a proximate result of Defendants' hate crime, Plaintiff suffered damages, including but not limited to emotional distress.

61.  The misconduct alleged herein was within the scope of the Defendant Officers' employment.

62.  The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

## Count IX -- State Law Claim
### Respondeat Superior

63.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

64.   In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Markham Police Department acting at all relevant times within the scope of their employment.

65.   Defendant City of Markham is liable as principal for all torts committed by its agents.

## COUNT X -- State Law Claim
### Indemnification

66.   Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

67.   Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

68.   The Defendant Officers are or were employees of the Markham Police Department, who acted within the scope of their employment in committing the misconduct described herein.

14

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and against Defendants, CITY OF MARKHAM and City of Markham Po..ice Officers HARRIS, D. WALKER (Star # 526), and UNKNOWN MARKHAM POLICE OFFICERS, awarding compensatory damages and attorneys' fees, along with punitive damages against the Defendant Officers in their individual capacities, as well as any other relief this Court deems just and appropriate.

## JURY DEMAND

Plaintiff hereby demands a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

RESPECTFULLY SUBMITTED,

/S/ Jon Loevy
Attorneys for Plaintiff

Arthur Loevy
Jon Loevy
Russell Ainsworth
Matthew Jenkins
LOEVY & LOEVY
312 North May St
Suite 100
Chicago, IL 60607
(312) 243-5900

15