IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6490 |
| | ) | |
| v. | ) | JUDGE DOW |
| | ) | |
| CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. Walker (Star # 526), and UNKNOWN MARKHAM POLICE OFFICERS | ) ) ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S SECOND MOTION TO COMPEL**

Plaintiff FRANKIE BROWN, by his counsel, LOEVY & LOEVY, moves this Court for an Order compelling Defendant City of Markham to respond to certain discovery requests posed by Plaintiff. In support, Plaintiff states as follows:

**Introduction**

The backdrop for Plaintiff's allegations are as follows. On May 30, 2007, several Markham police officers burst into Plaintiff's home pointing their weapons in Plaintiff's face. Plaintiff, a forty-seven year old longtime Markham resident, was handcuffed and detained while the Defendant Officers searched his residence. Plaintiff alleges that when the Defendants discovered that he is HIV positive during their search of his medicine cabinet, the search devolved into a homophobic free-for-all of the worst kind. According to Plaintiff, the Defendants began using derogatory language, such as "I'll sleep better tonight knowing there is one less fag on the street"; "He is one of those dick-in-the-booty boys"; "We shouldn't be touching him, he takes it in the ass and sucks

dick"; and "What does a fag like *you* need with a lawyer." *See* Dckt. No. 12 ¶¶5-9.

The Defendants then, in front of a number of third-party witnesses who had gathered on the street in front of Plaintiff's home, made Plaintiff stand outside his home in handcuffs, while shining a spotlight on him and a homosexual pornographic movie cover found in his bedroom. Plaintiff alleges that the Defendant Officers then informed the crowd that he was a homosexual and had HIV, using offensive language to do so. The Officers also related this private information to Plaintiff's fourteen year-old legal ward. At that time, Plaintiff had not shared his HIV status with either his ward or his neighbors. *Id.* ¶¶11-15.

Humiliated, Plaintiff was taken to the police station and held overnight, but was released the next day without being charged with any crime. *Id.* ¶¶16-17. Plaintiff subsequently brought this action.

Plaintiff has been seeking answers to certain Interrogatories, Requests to Produce, and Requests to Admit since March. *See* Group Exhibit A (letters to Defense counsel dated March 11, 2008, March 20, 2008, March 24, 2008, May 27, 2008, May 30, 2008, and June 6, 2008). After exhaustive consultation with Defense counsel, the parties were able to compromise on a number of issues. Unfortunately, the parties reached impasse on three issues. As Plaintiff requires this discovery to build his case and narrow the issues for trial, and to conduct discovery in an efficient and cost-effective manner, Plaintiff has no choice but to move to compel Defendant to answer the following discovery requests.

### A.   Plaintiff's Request to Produce No. 8

Plaintiff's Complaint includes not only claims against the individual Defendant Officers, but also a *Monell* claim against the City of Markham. The heart of Plaintiff's *Monell* claim is that the Markham police department does not adequately police itself. The only way that Plaintiff can determine whether Markham is protecting his rights and those of his fellow citizens is by conducting an independent review of Markham's response to citizen complaints filed against its officers. Plaintiff's expert will review these files to determine whether they comport with his claims.

Plaintiff's *Monell* claims against the City of Markham are particularly compelling given the track record of the Markham police department. Without the benefit of any discovery, Plaintiff has been able to unearth the following eight lawsuits filed in this court alone against the Defendant Officers: *Binder v. Markham et al.*, 04 C 4513, *Driver v. Walker et al.*, 02 C 9307, *Barton v. Markham et al.*, 00 C 0899; *Drain v. Keyes et al.*, 06 C 0054, *Sutton v. Harvey et al.*, 06 C 1365, *Branch v. Dubois*, 06 C 6770, *Dyson v. Dubois*, 06 C 1644, *Nichols v. Harvey et al.*, 05 C 5170.

To Plaintiff's knowledge, no scrutiny has been undertaken into the Markham's Police Department's practices until now. Maybe the small number of officers that comprise the Markham police force have had unusually bad luck with an overly-litigious citizenry who are regularly filing false claims against its officers. It is just as possible that the Department is letting its officers violate a number of citizens' rights without any oversight whatsoever. The time-honored way to resolve such disputes is

to conduct discovery on the issue.

Plaintiff's counsel has successfully litigated these types of claims in the past and seeks to conduct the same inquiry here. *See Garcia v. City of Chicago*, 2003 WL 22175618, at *3 (N.D. Ill. Sept. 19, 2003); *Kindle v. City of Harvey*, 2002 WL 230779, at *4 (N.D. Ill. Feb 15, 2002); and *Robinson v. City of Harvey*, 2001 WL 138901, at *7 (N.D. Ill. Feb. 16, 2001) (Lefkow, J.). As Judge Lefkow noted:

> [P]laintiff has submitted an expert report concluding that the Harvey Police Department ... has systemic deficiencies in its administrative investigations of use of force and citizens' complaints alleging improper use of force. These systemic deficiencies were so pervasive and pretextual that any reasonable officer in such a police agency would be aware of the significant failures of these critical administrative investigations and would feel comfortable that field misconduct, particularly use of unreasonable force, would not be discovered, would be minimized or would not result in any significant sanction.

*Robinson*, 2001 WL 138901, at *7. *See also Garcia*, 2003 WL 22175618, at *4 ("plaintiff's expert ... testified that the totality of the problems evident in the [disciplinary] files encouraged off-duty police officers to believe that they could use violence with impunity and that their misconduct would be covered up so they would suffer no penalties or repercussions"); *Kindle*, 2002 WL 230779, at *4 ("[p]laintiff's evidence consists of approximately thirty-five City of Harvey files where private citizens filed excessive force complaints and no corrective action was ever taken on any of them ... Some of the complaints lodged against the Harvey police officers involve similar types of brutality, and no evidence of notes being put in officer's personnel files is present."

To prove his claims, Plaintiff propounded Request to Produce No. 8 on the Defendant City of Markham, seeking "all Documents relating to every Complaint alleging wrongful arrest, fabrication of evidence, failure to intervene, malicious prosecution, or witness manipulation, and whether any discipline was in fact imposed." *See* Exhibit B ¶8 (Defendant Markham's Responses to Plaintiff's Requests to Produce). Defendant objected on the basis that the Request was overbroad, unduly burdensome, and not reasonably calculated to lead to relevant information. *Id.*

To alleviate any burdensome concerns, Plaintiff proposed that he would limit the time-span for this request from five years to a timeframe of Defendant's choosing, provided that the Defendants would not then contend that the smaller sample contained insufficient data from which an expert could render an opinion. *See* Group Exhibit A (letter to defense counsel dated March 11; letter to defense counsel dated March 24, 2008).

The discovery sought is the only method by which Plaintiff may prove his claim against Defendant City of Markham. Accordingly, Plaintiff respectfully requests that this Court order Defendant to produce the documents requested in Plaintiff's Request for Production No. 8.

**B.   Plaintiff's Request to Produce No. 12 and Interrogatory No. 8 to Defendants Walker and Harris**

Plaintiff has alleged a claim for punitive damages against the Defendant Officers in this case. In the event that Defendants raised the inability to satisfy a punitive damages judgment as a defense, Plaintiff propounded written requests to the

Defendants seeking information about their finances.

Defendants have objected to the discovery requests on the basis of relevance. *See, e.g.*, Exhibit C at ¶12 (Defendant Walker's responses to Plaintiff's Requests for Production); Exhibit D at ¶8 (Defendant Walker's responses to Plaintiff's Interrogatories). Obviously these requests are relevant if the Defendants expect to testify about their financial condition.

If the Defendants stipulate that they will not defend against an award of punitive damages by introducing evidence about their finances, either pre-judgment or post-judgment, then Plaintiff will forego this discovery. *See* Exhibit A (letter to defense counsel dated March 11, 2008, making this same offer). Otherwise, Plaintiff is entitled to conduct discovery on this point during the period set aside by the Court for fact discovery.

### C.   Local Rule 37.2 Statement

Plaintiff is aware that courts rarely care to hear most discovery disputes. To that end, both parties worked diligently together to address the many issues raised in Plaintiff's six-page letter dated March 11, 2008. The only issues raised in this Motion are ones on which the parties reached impasse. Plaintiff offered the compromises referenced above, but Defendants declined those offers. *See* Group Exhibit A (letters to defense counsel dated March 11, 2008 and March 24, 2008) Accordingly, once the issues were ripe for adjudication, Plaintiff brought this Motion.

## Conclusion

Plaintiff's discovery requests are reasonable and designed to enable Plaintiff to prove his case and to narrow the issues confronting the parties at trial. Plaintiff respectfully requests that Defendant's be compelled to answer the above discovery requests as soon as possible, and in any event no later than two weeks from the Court's ruling.

WHEREFORE, Plaintiff, FRANKIE BROWN, respectfully requests an Order compelling Defendants to produce the documents requested in Plaintiff's Request for Production No. 8 to Defendant City of Markham, Plaintiff's Requests for Production No. 12 to the Defendant Officers, and to answer Interrogatory No. 8 to the Defendant Officers.

Respectfully Submitted,

\_\_\_/s/ Russell Ainsworth\_\_\_

Arthur Loevy
Jon Loevy
Russell Ainsworth
Matthew Jenkins
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900