IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF MARKHAM and City of Markham )<br>Police Officers HARRIS, D. Walker )<br>(Star #526), and UNKNOWN MARKHAM )<br>POLICE OFFICERS, )<br>)<br>Defendants. ) | No. 07 C 6490<br><br>Judge Robert M. Dow<br><br>Magistrate Judge Nan R. Nolan |

### DEFENDANT DASHON WALKER'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION

Defendant, DASHON WALKER, pursuant to Rule 34 of the Federal Rules of Civil Procedure, for his Responses to Plaintiff's First Set of Requests for Production served upon him in this action on January 9, 2008, state as follows:

REQUEST NO. 1: All Documents which relate to, support and/or rebut any of the allegations or claims in Plaintiff's complaint in this action.

RESPONSE: Produced herewith.

REQUEST NO. 2: All Documents relating to or supporting Defendants' Affirmative Defenses and Answer to the complaint in this action, including all Documents upon which Defendants may rely at trial.

RESPONSE: Produced herewith.

REQUEST NO. 3: All Documents in Defendant's possession relating to Plaintiff.

RESPONSE: Produced herewith.

REQUEST NO. 4: All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case.

RESPONSE: Produced herewith.


EXHIBIT C

REQUEST NO. 5: All Documents comprising Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, etc. This Request includes but is not limited to (a) all Communications between any of the Defendants and Plaintiff, (b) all Communications with any other law enforcement agencies; and (c) all Communications with the State's Attorneys' Office.

RESPONSE: None.

REQUEST NO. 6: All files relating to you maintained by the Department, including complete personnel files, internal affairs files, as well as any other files relating to you whatsoever maintained by the Department, including all training records. This Request specifically includes all Documents relating to Complaints of any kind (internal, citizen, lawsuit, etc.) made against Defendants.

RESPONSE: Defendant objects to Request No. 6 on the grounds that it calls for information which is immaterial or inadmissible, is not calculated to lead to the discovery of admissible evidence and exceeds the scope of Rule 26 and Rule 34 of the Federal Rules of Civil Procedure. Furthermore, the defendant officer in this case is a public servant responsible for the safety and welfare of the community in which he is employed. Disclosure and access to his private and confidential personnel records violates not only his privacy, but could interfere with his duties as a peace officer should any information be inadvertently disclosed.

REQUEST NO. 7: All medical records relating to Plaintiff in the control or possession of Defendant, including any such records obtained via third party subpoena.

RESPONSE: None.

REQUEST NO. 8: All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the subjects described in the complaint.

RESPONSE: None.

REQUEST NO. 9: All Documents relating to any internal investigation (e.g., Internal Affairs, etc.) undertaken by the Department in connection with the events described in Plaintiff's complaint in this action.

RESPONSE: None.

REQUEST NO. 10: Any witness statements relating to any of the events described in Plaintiff's complaint in this action.

RESPONSE:   None.

REQUEST NO. 11: Copies of any insurance policies which could or might provide coverage for any of the events described in Plaintiff's complaint in this action.

RESPONSE:   The insurance policies will be made available for inspection at the offices of this Defendant's attorneys.

REQUEST NO. 12: All Documents reflecting your total financial net worth, including your three most recent tax returns, all Documents related to your assets, including retirement assets, and all Documents related to the value of any real property owned by you.

RESPONSE:   Respondent objects to Request No. 12 because such request is not relevant to any claim or defense in this matter nor is it likely to lead to the discovery of admissible evidence.

REQUEST NO. 13: Any and all Documents which would be relevant to determining your location and movements on the date of the incident described in Plaintiff's complaint in this action, such as, for example, any police reports, arrest lists, ticket book, log sheets, etc.

RESPONSE:   Defendant objects to Request No.13 insofar as it seeks documents that are not related to this incident and are further immaterial and inadmissible, and the request in that respect is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense.

REQUEST NO. 14: All Documents which support a contention by you in this litigation that Plaintiff or any other Person committed any criminal acts during the events described in the complaint.

RESPONSE:   Produced herewith.

REQUEST NO. 15: All Documents obtained via third party subpoena in this litigation, including but not limited to employment records, medical records, prison/jail records, or any other records.

RESPONSE:   None.

REQUEST NO. 16: All Documents relating to Department General Orders, Department manuals, procedural guides, rules, polices [sic], or practices, relating to the following subjects:

    a.    Obtaining a search warrant;

RESPONSE:    Produced herewith.

    b.    Making an arrest;

RESPONSE:    Produced herewith.

    c.    Interacting with persons who are homosexual or of a racial or ethnic minority;

RESPONSE:    Produced herewith.

    d.    Searching a residence pursuant to a search warrant;

RESPONSE:    Produced herewith.

    e.    Detaining person(s) during a search of a residence; and

RESPONSE:    Produced herewith.

    f.    Asking citizens to become informants for the Markham police department.

RESPONSE:    Produced herewith.

REQUEST NO. 17: All Documents (including legal papers) regarding any and all other situations where you were accused of falsely arresting someone, unreasonably searching a person or a home, using derogatory language toward a person based on that person's sexual orientation, or violating a citizen's constitutional rights.

Feb-19-2008  06:12pm  From-LITCHFIELD CAVO LLP         +3127816630         T-935  P.022/023  F-448

RESPONSE:   Defendant objects to Request No. 8 insofar as it seeks documents that are not related to the incident in this action, or substantially similar incidents, parties to this action or individuals involved in the incident, and the interrogatory is in that respect overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense in this action.

Dated: February 22, 2008

_____
Dashon Walker

As to Objections:

_____
Mitchell H. Frazen
LITCHFIELD CAVO LLP
His Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280650)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 facsimile

Feb-19-2008  06:12pm    From-LITCHFIELD CAVO LLP            +3127816630        T-595  P.023/023  F-448

STATE OF ILLINOIS )
                  ) - ss
COUNTY OF COOK    )

    Dashon Walker, being first duly sworn upon oath, deposes and states that he is familiar with the above and foregoing responses to requests for production of documents in the above-captioned action; that a diligent search has been conducted for the records requested; and that the production of documents is complete in accordance with the requests.

_____
Dashon Walker

Subscribed and sworn to before
me this 21st day of February, 2008.

_____
Nicole Tormey

"OFFICIAL SEAL"
NICOLE TORMEY
NOTARY PUBLIC STATE OF ILLINOIS
COMMISSION EXPIRES 07/01/09

Feb. 21. 2008  7:48PM    Markham Police                    No. 697

## CERTIFICATE OF SERVICE

I, Mitchell H. Frazen, an attorney, certify that on February 22, 2008, I caused a copy of **DEFENDANT DASHON WALKER'S RESPONSE TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION**, to be served on the parties to whom they are addressed by having copies deposited in a United States Post Office box in a sealed envelope, proper postage prepaid, before the hour of 5:00 p.m. at 303 West Madison, Chicago, Illinois.

_____
Mitchell H. Frazen