# LOEVY & LOEVY

## ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Antholt
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

312 N. May Street
Suite 100
Chicago, Illinois 60607

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

Telephone   312.243.5900
Facsimile   312.243.5902

Website  www.loevy.com
E-mail  loevylaw@loevy.com

June 6, 2008

*By Facsimile and First Class Mail*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

    Re:    *Brown v. City of Markham et al.*

Dear Ms. Penn:

    I write to confirm that Defendant Debois cancelled his deposition, which had been rescheduled for June 5, 2008. I stated that, in light of the circumstances (the severe illness of Debois's mother), I had no objection to re-rescheduling his deposition to a later date. I suggested that we speak in a week or so and then we will have a better idea of when he will be available for his deposition. To that end, I will call you at the end of next week to discuss the issue. I do note, however, that Defendant Debois has been sanctioned by the United States District Court for failing to appear for his deposition in other litigation. I expect that this will not be an issue in this case and we will be able to work together to get his deposition completed, as we have been able to do throughout this litigation.

    In addition, there are a few other outstanding discovery issues:

    **Personnel Files and Disciplinary Files -** Thank you for producing Defendant Sanders' personnel file. Please produce the remaining officers' files as soon as possible so that we will have them sufficiently in advance of next weeks' depositions to allow us to prepare. Please contact me if these documents will not be delivered to our office by Monday, June 9.

**EXHIBIT**

**A**

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
June 6, 2008
Page Two

**Citizen Complaint Files for Other Markham Officers** - I still have not heard from you about your final position on this issue. If I do not hear from you by the close of business today, June 6, I will assume that we have agreed to disagree on this issue and act accordingly.

**Attendance and Assignment Sheets -** I have not heard back from you regarding the A & A sheets. Please produce the A & A sheets or a retention schedule showing their destruction date as soon as possible. I ask that you provide the documents or an update by June 9, 2008.

**Communications to State's Attorney -** I still have not heard from you regarding this information. Please do so by June 9, 2008.

I look forward to hearing from you. As always, I appreciate your cooperation.

Sincerely,

Russell Ainsworth

## LOEVY & LOEVY
### ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Anthoit
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

312 N. May Street
Suite 100
Chicago, Illinois 60607

Telephone    312.243.5900
Facsimile    312.243.5902

Website   www.loevy.com
E-mail  loevylaw@loevy.com

May 30, 2008

*By Facsimile and First Class Mail*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

   *Re:* *Brown v. City of Markham et al.*

Dear Ms. Penn:

   I write to confirm our conference this afternoon regarding discovery in the above captioned case.

   **Personnel Files and Disciplinary Files -** You stated that you would provide Sanders' file on Monday before his deposition and the remaining officers' files by Wednesday. You stated that you would redact the officers' personal information and that of their spouses, which I understand is information such as social security numbers, home addresses, home telephone numbers, and dates of birth. I have no objection to those kind of redactions.

   **Citizen Complaint Files for Other Markham Officers -** You stated that you would provide your final position on this issue. Please provide your client's final position as soon as possible or, at the latest, by June 4, 2008.

   **Attendance and Assignment Sheets -** You stated that you did not believe that these exist. I responded that I would be surprised if that were so; in my experience these documents are rarely destroyed within a year. In any event, you agreed to continue your investigation. Please produce the A & A sheets or a retention schedule showing their destruction date as soon as possible. I ask that you provide the documents or an update by June 4, 2008.

## LOEVY & LOEVY
### ATTORNEYS AT LAW

Lauren Penn
May 30, 2008
Page Two


**The Officers' Financial Condition** – You stated that you would not produce this information absent a court order. It appears that we have agreed to disagree on this topic.

**Communications to State's Attorney -** You stated that you would amend this interrogatory to include this information. Please do so by June 4, 2008.

If I have mischaracterized any portion of our conversation, please let me know. As always, I appreciate your cooperation.

Sincerely,

Russell Ainsworth

# LOEVY & LOEVY

### ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Antholt
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

312 N. May Street
Suite 100
Chicago, Illinois 60607

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

Website  www.loevy.com
E-mail  loevylaw@loevy.com

Telephone    312.243.5900
Facsimile     312.243.5902

May 27, 2008

*By Facsimile and First Class Mail*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

Re:    *Brown v. City of Markham et al.*

Dear Ms. Penn:

Please find attached a draft joint motion to extend fact discovery.  If you agree, I will file this Motion today.

In addition, I write to confirm that in our conversation last week regarding Defendants' responses to Plaintiff's written discovery, you stated that Defendants were standing on their objections and would only reveal information about the confidential informant pursuant to an order from the Court.  If that mischaracterizes Defendants' position in any way, please contact me as soon as possible.

Finally, a review of my file reveals the following outstanding issues.

**Personnel Files and Disciplinary Files -** I still have not received the promised personnel and disciplinary files.  Please provide these documents to me as soon as possible or, at the latest, by May 30, 2008.

**Citizen Complaint Files for Other Markham Officers -** Please provide your final position with respect to reducing the time frame for this request, provided that Defendant does not argue that the number of complaints is insufficient for an expert to make conclusions regarding the Markham police department's ability to police itself.  Please provide your client's final position as soon as possible or, at the latest, by May 30, 2008.

# LOEVY & LOEVY
### ATTORNEYS AT LAW

Lauren Penn
Page Two
May 27, 2008


**Attendance and Assignment Sheets -** Please produce the documents you agreed to produce as soon as possible or, at the latest, by May 30, 2008.

**The Officers' Financial Condition -** Please provide your clients' final position on this issue as soon as possible or, at the latest, by May 30, 2008.

**Communications to State's Attorney -** Please amend your client's response to Interrogatory No. 5, as promised, by May 30, 2008.

If I do not hear from you regarding the above topics by May 30, I will assume that you have decided to stand on your objections and will act accordingly. As always, I appreciate your cooperation.

Sincerely,


Russell Ainsworth

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Antholt
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

312 N. May Street
Suite 100
Chicago, Illinois  60607

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

Telephone   312.243.5900
Facsimile    312.243.5902

Website   www.loevy.com
E-mail  loevylaw@loevy.com

March 24, 2008

*By Facsimile and First Class Mail*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

　　　　*Re:*　　*Brown v. City of Markham et al.*

Dear Ms. Penn:

　　　　I write to confirm our conversation this morning regarding the above-captioned case.

　　　　We discussed dates for depositions of the Markham police officers.  We agreed to the following schedule:

　　　　　　March 28 - Officers Lee & Jones
　　　　　　April 3 - Officer Harris
　　　　　　April 4 - Officer Dubois
　　　　　　April 8 - Dep. Chief Max Saunders
　　　　　　April 15 - Plaintiff
　　　　　　April 16 - Officers Wilson & Starks
　　　　　　April 22 - Officer Walker

These depositions will begin at 11 a.m. and go forward at our offices.

　　　　We also discussed the topics mentioned in my letter to you dated March 11, 2008, as summarized below.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
March 24, 2008
Page Two

**Personnel Files and Disciplinary Files -** You agreed to produce the personnel files, including the disciplinary files, for the officers who took part in the search of Plaintiff's house. I stated that I had no objection to redaction of the officers' health insurance and personal family information, provided that I can tell from the documents what has been redacted, and also reserving the right to ask the officers general questions about their family at their depositions (such as whether they are married, have children, etc.) to the extent that they may testify about those topics at trial. I further stated that I have no objection to producing these files under a protective order to protect the officers' personnel files and to protect the identities of third-party complainants in the disciplinary files. Until such protective order is entered, I will agree to hold any personnel or disciplinary files under strictest attorneys' eyes only confidence.

**Citizen Complaint Files for Other Markham Officers -** I stated that we would be willing to reduce the time frame for this request, provided that Defendant does not argue that the number of complaints is insufficient for an expert to make conclusions regarding the Markham police department's ability to police itself. I reiterated that Plaintiff has no other option to prove this claim other than by doing this discovery, as Plaintiff's counsel has done in the cases cited in my March 11 letter to you. You stated that you would speak to your client about this and provide your final position on March 28.

**Attendance and Assignment Sheets -** You stated that you would determine whether these exist and, if so, you would produce them for the watch in which the search of Plaintiff's home took place.

**The Officers' Psychological Screening Documents -** We did not discuss this topic specifically, but you indicated that you are standing on your objections to all topics we did not discuss.

**Confidential Witness Documents -** You stated that you are standing on your objections to this request.

**Property Inventory Sheets -** You stated that you had received property inventory sheets from your client, as well as chain of custody documents. Please produce these documents in advance of Officers Dean and Jones' depositions on Friday.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
March 24, 2008
Page Three

**Requests to Admit Regarding Indemnity -** You stated that you were standing on your objections that these requests call for a legal conclusion and are irrelevant. I stated that these claims are relevant as to who will satisfy any judgment awarded to Plaintiff and are therefore relevant to this litigation. We agreed to disagree on the merits of each other's position.

**The Officers' Financial Condition -** I stated that Plaintiff would forego this discovery if the Officers agreed not to testify about their financial condition as a defense to a punitive damages award at any future proceeding. You stated that you would confer with co-counsel on this issue and get back to me with your clients' final position.

**Communications to State's Attorney -** You stated that you would amend your response to Interrogatory No. 5 because you have been made aware that Defendant Walker had more than one conversation with a state's attorney regarding this case.

If I have mischaracterized any portion of our conversation, please contact me immediately. As always, I appreciate your cooperation.

Sincerely,

Russell Ainsworth

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Antholt
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

312 N. May Street
Suite 100
Chicago, Illinois 60607

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

Telephone   312.243.5900
Facsimile   312.243.5902

Website   www.loevy.com
E-mail  loevylaw@loevy.com

March 20, 2008

*By Facsimile*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

Re:    *Brown v. City of Markham et al.*

Dear Ms. Penn:

I have not received a response to my letter to you regarding deficiencies in Defendants' discovery responses dated March 11. Please provide either amended responses or your final position regarding these disputed responses by the close of business on Friday, March 21, 2008. If I do not hear from you on or before that date, I will assume that you are standing on your responses as tendered and I will act accordingly.

In addition, I have not heard from you regarding scheduling the remaining depositions that were noticed on January 9. Please contact me as soon as possible regarding this issue. At the very least, we can block out dates on which we are both available for these depositions to go forward. Please contact me by the close of business tomorrow, March 21, to discuss scheduling these depositions.

As always, I appreciate your cooperation.

Sincerely,

Russell Ainsworth

# LOEVY & LOEVY
## ATTORNEYS AT LAW

Jon Loevy
Michael Kanovitz
Amanda Antholt
Russell Ainsworth
Mark Loevy-Reyes
Gayle Horn
Matthew Jenkins

312 N. May Street
Suite 100
Chicago, Illinois  60607

Arthur Loevy
Danielle Loevy
Kurt Feuer
Samantha Liskow
Tara Thompson
Gregory Swygert
Bradley Block

Website  www.loevy.com
E-mail  loevylaw@loevy.com

Telephone  312.243.5900
Facsimile  312.243.5902

March 11, 2008

*By Facsimile and First Class Mail*
Lauren Penn
Litchfield Cavo, LLP
303 W. Madison
Suite 300
Chicago, IL 60606

Re:    *Brown v. City of Markham et al.*

Dear Ms. Penn:

Plaintiff is in receipt of Defendants' responses to his first set of discovery requests. I write pursuant to Local Rule 37.2 to address some deficiencies in those responses.

## Requests for Production to Defendant City of Markham

**Request No. 6 -** This request seeks personnel files for all of the Responding Officers. This Request is reasonably calculated to lead to admissible evidence. Personnel files maintained by the Markham Police Department contain a wide range of documents that vary from officer to officer. Those documents are likely to lead to admissible evidence relating to proof of the Officers' motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *See Vodak v. City of Chicago*, No. 03-2463, 2004 WL 1381043, at *5 (N.D. Ill. May 10, 2004); *Lepianka v. Vill. of Franklin Park*, No. 03-2991, 2004 WL 626830, at *2 (N.D. Ill. March 26, 2004). Indeed, "[n]umerous courts have held that the personnel files and complaint histories of defendant officers are relevant in § 1983 actions involving police misconduct, particularly where, as here, plaintiffs allege a *Monell* policy, practice and custom claim against the municipality." *See Vodak*, 2004 WL 1381043, at *5. Please reconsider your objections to this Request.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
Page Two
March 11, 2008

Should there be any concern for the officers' privacy interests, Plaintiff is willing to enter into a protective order to govern information contained in the personnel files. This is the appropriate way to address these concerns, rather than wholesale withholding of the documents. *See, e.g., Charles v. Colter*, No. 93-2416, 1994 WL 424144, at *3 (N.D. Ill. Aug. 11, 1994) (upholding discovery request for complete personnel files, finding that the proper response to the City's privacy concerns is a confidentiality order and not preclusion of potentially relevant discovery); *Djikas v. City of Chicago*, No. 89-7743, 1991 WL 24503, at *1 (N.D. Ill. Feb. 14, 1991). In any event, Plaintiff agrees to hold these documents under strictest Attorneys' Eyes Only confidentiality until entry of a protective order by this Court.

**Request No. 7** - This request seeks complaints of misconduct against the Responding Officers over the past ten years. Plaintiff respectfully declines to accept Defendant's representation that there are no substantially similar allegations of misconduct against the Responding Officers. In fact, the Court in Vodak rejected a similar proposal to limit production only to those documents alleging identical acts of misconduct. *See Vodak*, 2004 WL 1381043 at *5. As the Court explained, "[p]laintiffs are entitled to discover defendant officers' complaint histories, and the trial judge will determine before or at the trial whether 'other acts' are similar enough and close enough in time to be relevant to the matter in issue and thus admissible." *Id; see also Okai v. Verfuth*, 275 F.3d 606, 611-12 (7th Cir. 2001) (prior acts of misconduct and disciplinary histories relate to a policy and practice claim, and are also relevant under Rule 404(b) to prove motive, intent or modus operandi, as well as evidence of the officers' veracity and for impeachment purposes); *Treece v. Hochstetler*, 213 F.3d 360, 363 (7th Cir. 2000); *Wilson v. City of Chicago*, 6 F.3d 1233, 1238 (7th Cir. 1993). Please reconsider your objections to this Request.

**Request Nos. 8 & 9** - These requests seek citizen complaint files against all members of the Markham police department for the applicable time period. In order for Plaintiff to prevail against Markham on his *Monell* claims, he must prove that the municipality had a policy or practice of failing to discipline or train its police officers such that this policy or practice was the "moving force" behind his Constitutional injuries. Evidence about the supervision, discipline, or training for any one incident or officer is generally insufficient to establish that a municipality has a particular policy or practice.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
Page Three
March 11, 2008

These complaints are directly relevant to Plaintiff's *Monell* claims and, in fact, are crucial to those claims. The heart of Plaintiff's *Monell* claim is that the Markham police department does not adequately police itself. The only way that Plaintiff can determine whether Markham is protecting his rights and those of his fellow citizens is by conducting an independent review of Markham's response to citizen complaints filed against its officers. Plaintiff's expert will review these files to determine whether they comport with his claims.

Plaintiff's counsel has successfully litigated these types of claims in the past and seeks to conduct the same inquiry here. *See Garcia v. City of Chicago*, 2003 WL 22175618, at *3 (N.D. Ill. Sept. 19, 2003); *Kindle v. City of Harvey*, 2002 WL 230779, at *4 (N.D. Ill. Feb 15, 2002); and *Robinson v. City of Harvey*, 2001 WL 138901, at *7 (N.D. Ill. Feb. 16, 2001) (Lefkow, J.). As Judge Lefkow noted:

> [P]laintiff has submitted an expert report concluding that the Harvey Police Department ... has systemic deficiencies in its administrative investigations of use of force and citizens' complaints alleging improper use of force. These systemic deficiencies were so pervasive and pretextual that any reasonable officer in such a police agency would be aware of the significant failures of these critical administrative investigations and would feel comfortable that field misconduct, particularly use of unreasonable force, would not be discovered, would be minimized or would not result in any significant sanction.

*Robinson*, 2001 WL 138901, at *7. *See also Garcia*, 2003 WL 22175618, at *4 ("plaintiff's expert ... testified that the totality of the problems evident in the [disciplinary] files encouraged off-duty police officers to believe that they could use violence with impunity and that their misconduct would be covered up so they would suffer no penalties or repercussions"; *Kindle*, 2002 WL 230779, at *4 ("[p]laintiff's evidence consists of approximately thirty-five City of Harvey files where private citizens filed excessive force complaints and no corrective action was ever taken on any of them ... Some of the complaints lodged against the Harvey police officers involve similar types of brutality, and no evidence of notes being put in officer's personnel files is present").

Plaintiff is amenable to reducing the temporal scope of the Requests, provided that Defendant does not argue that the number of complaints is insufficient for an expert to make conclusions regarding the Markham police department's ability to

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
Page Four
March 11, 2008

police itself. If the City is not willing to so stipulate, then Plaintiff requests five years of responsive documents, from 2002 to 2007. Please reconsider your objections.

**Request No. 15 -** This Request seeks attendance and assignment sheets for May 30 and May 31, 2007. To the extent that there remain possible unknown defendants in this lawsuit, Plaintiff is entitled to know who was working the day of the incident and, therefore, who might have knowledge of the events that gave rise to Plaintiff's Complaint. Such documents are routinely discoverable in similar litigation. Should there be some particularized burden presented by this Request, please inform me. Absent some special circumstance, however, I ask that you reconsider your objection to this Request.

**Request Nos. 19 and 20 -** This Request seeks documents relating to psychological screening of the Responding Officers. Plaintiff will agree to table these requests pending the Officers' depositions.

**Request No. 28 -** This Request seeks documents relating to the confidential witness who purportedly provided information regarding Plaintiff to the Markham police department. Plaintiff has no objection to entering into a protective order for this information, including one that limited disclosure to attorney's eyes only. This information is certainly relevant to Plaintiff's claims and is admissible at trial. *See Hampton v. Hanrahan*, 600 F.2d 600, 637 & n.40 (7th Cir. 1979), *reversed in part on other grounds*, 446 U.S. 754. Please reconsider your objection to this Request.

**Request No. 30 -** Please confirm whether your Client possesses any "property inventory sheets" relating to Plaintiff. I did not view any such documents in the documents that were disclosed.

### Requests to Admit to Defendants

**Requests Nos. 4 &5 to the City of Markham and Requests Nos. 5 & 6 to the Defendant Officers-** These Requests ask whether the City is obliged to indemnify the Defendant Officers for any award of compensatory damages or attorneys' fees. These requests are relevant to determining whether the parties will have to litigate whether the City will indemnify these officers' actions. If there is a dispute as to whether the City will indemnify, then Plaintiff is entitled to conduct follow-up discovery on the City's basis for not indemnifying.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
Page Five
March 11, 2008

In any event, these Requests are proper under the Federal Rules. Rule 36(a) of the Federal Rules of Civil Procedure states in pertinent part that requests for admissions may concern any discoverable matter "that relate to statements or opinions of fact or the application of law to fact." By its terms, the Rule contemplates establishing the lack of dispute as to any "matters within the scope of Rule 26(b)(1)," i.e., "any matter. . . which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense. . ." Fed. R. Civ. P. 36, 26(b)(1). After the 1970 amendments, the only requests to admit which are impermissible are "admissions of law unrelated to the facts of the case." See Fed. R. Civ. P. 36, Notes of Advisory Committee on Rules (1970). Requests seeking the application of law to fact have long been accepted practice within this District. *See Fawcett v. Ditkowsky*, 1992 WL 14151, at *4-*5 (N.D. Ill. Jan. 16, 1992) (Guzman, J.); *Muchin v. Lincolnshire Bath & Tennis Club, Inc.*, 1991 WL 264605, at *1 (N.D. Ill. Dec. 6, 1991).

That is exactly what Plaintiff seeks here. Plaintiff is simply asking Defendants to apply the facts of this case to the law of indemnification and respond whether this issue is one that has been resolved or whether it will require additional discovery. Please reconsider your objection to these Requests.

## Requests to Produce to Defendant Officers

**Request No. 6 -** Plaintiff adopts and incorporates his comments as to Request No. 6 to the City of Markham, regarding why the personnel files are discoverable, here. Please reconsider your objections to this Request.

**Request No. 12 -** The requested documents are relevant to Plaintiff's claim for punitive damages. If there is any possibility that the Defendants may argue their inability to satisfy a punitive damages award as a defense at trial or in a post-trial motion, then Plaintiff has the right to seek this information during fact discovery. I ask that you reconsider your objection.

**Request No. 13 -** Plaintiff adopts and incorporates his comments as to Request No. 15 to the City of Markham, regarding why the attendance and assignment sheets are discoverable, here. Please reconsider your objections to this Request.

LOEVY & LOEVY
ATTORNEYS AT LAW

Lauren Penn
Page Six
March 11, 2008

**Request No. 17 -** Plaintiff adopts and incorporates his comments as to Request No. 7 to the City of Markham, regarding why prior complaints of misconduct are discoverable, here. Please reconsider your objections to this Request.

### Interrogatories to City of Markham

**Interrogatory No. 5 -** Please confirm that the City is referring to only one communication regarding the application for the search warrant. I write to clarify because the City's response is ambiguous and the document incorporated by reference does not state whether there was only one conversation or more than one.

### Interrogatories to Defendant Officers

**Interrogatory No. 8 -** The requested information is relevant to Plaintiff's claim for punitive damages. If there is any possibility that the Defendants may argue their inability to satisfy a punitive damages award as a defense at trial or in a post-trial motion, then Plaintiff has the right to seek this information during fact discovery. I ask that you reconsider your objection.

Please provide either amended responses to these discovery requests or your final position on them by March 18, 2008. If I do not hear from you on or before that date, I will assume that you have decided to stand on your objections and I will act accordingly. I am available to conference with respect to these requests on any date between now and the 18th.

As always, I appreciate your cooperation.

Sincerely,

Russell Ainsworth