IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, | ) |
| Plaintiff, | ) No. 07 C 6490 |
| v. | ) Judge Robert M. Dow |
| CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. Walker (Star #526), and UNKNOWN MARKHAM POLICE OFFICERS, | ) Magistrate Judge Nan R. Nolan |
| Defendants. | ) |

EXHIBIT B

## CITY OF MARKHAM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION

Defendant, CITY OF MARKHAM, pursuant to Rule 34 of the Federal Rules of Civil Procedure, for its Responses to Plaintiff's First Set of Requests for Production to Defendant City of Markham served upon it in this action on January 9, 2008, states as follows:

REQUEST NO. 1: All Documents which relate to, support and/or rebut any of the allegations or claims in Plaintiff's complaint in this action.

RESPONSE:     Produced herewith.

REQUEST NO. 2: All Documents relating to or supporting Defendants' Affirmative Defenses and Answer to the complaint in this action, including all Documents upon which Defendants may rely at trial.

RESPONSE:     Produced herewith.

REQUEST NO. 3: All Documents in Defendants' possession relating to Plaintiff.

RESPONSE:     Produced herewith.

REQUEST NO. 4: All Documents which support or relate to any of your responses to any of Plaintiff's Interrogatories and Requests to Admit in this case.

RESPONSE:        Produced herewith.

REQUEST NO. 5: All Documents comprising Communications of any kind relating to this case, including but not limited to memos, letters, faxes, e-mails, reports, etc. This Request includes but is not limited to (a) all Communications between any of the Defendants and the Plaintiff, (b) all Communications with any other law enforcement agencies; and (c) all Communications with the State's Attorneys' Office.

RESPONSE:        None.

REQUEST NO. 6: All files maintained by the Department relating to any of the Responding Officers, including complete personnel files, as well as any other files whatsoever maintained by the Department, including all training records. This Request specifically includes any and all Documents relating to Complaints of any kind (internal, citizen, etc.).

RESPONSE:        Defendant objects to Request No. 6 on the grounds that it calls for information which is immaterial or inadmissible, is not calculated to lead to the discovery of admissible evidence and exceeds the scope of Rule 26 and Rule 34 of the Federal Rules of Civil Procedure. Furthermore, the defendant officers in this case are public servants responsible for the safety and welfare of the community in which they are employed. Disclosure and access to their private and confidential personnel records violates not only their privacy, but also could interfere with their duties as peace officers should any information be inadvertently disclosed.

REQUEST NO. 7: For each of the Responding Officers, please produce all Documents relating to every Complaint alleging misconduct and whether any discipline was in fact imposed. This request is limited to the past ten years.

RESPONSE:        Defendant objects to Request No. 7 insofar as it seeks documents that are not related to the issues in this action or substantially similar incidents and the interrogatory is in that respect overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense in this action. Subject to that objection, and without waiving it, Defendant answers as follows: there are no documents relating to complaints made against the Responding Officers alleging misconduct which are substantially similar to those allegations of Plaintiff's Complaint.

REQUEST NO. 8: For all police officers who serve in the Markham Police Department with the Responding Officers, please produce all Documents relating

to every Complaint alleging wrongful arrest, fabrication of evidence, failure to intervene, malicious prosecution, or witness manipulation, and whether any discipline was in fact imposed. This request is limited to the five years preceding Plaintiff's arrest through the date of his acquittal as alleged in the complaint.

RESPONSE:    Defendant objects to Request No. 8 insofar as it seeks documents that are not related to the incident in this action, or substantially similar incidents, parties to this action or individuals involved in the incident, and the interrogatory is in that respect overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense in this action.

REQUEST NO. 9: For all of the Markham police officers who have been partners with the Responding Officers, please produce all Documents relating to every Complaint alleging misconduct and whether any discipline was in fact imposed. This request is limited to the past ten years.

RESPONSE:    Defendant objects to Request No. 9 insofar as it seeks documents that are not related to the incident in this action, or substantially similar incidents, parties to this action or individuals involved in the incident, and the request is in that respect overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense in this action.

REQUEST NO. 10: All medical records relating to the Plaintiff in the control or possession of Defendants, including any such records obtained via third party subpoena.

RESPONSE:    None.

REQUEST NO. 11: All transcripts, tape recordings, and radio transmissions (or Documents memorializing the same) relating to the subjects described in the complaint in this action.

RESPONSE:    None.

REQUEST NO. 12: All Documents relating to any Internal Affairs investigation undertaken by the Department in connection with the events described in Plaintiff's complaint in this action.

RESPONSE:    None.

REQUEST NO. 13: Any witness statements relating to any of the events described in Plaintiff's complaint in this action.

RESPONSE:     None.

REQUEST NO. 14: Copies of any insurance policies which could or might provide coverage for any of the events described in Plaintiff's complaint in this action.

RESPONSE:     The insurance policies will be made available for inspection at the offices of this Defendant's attorneys.

REQUEST NO. 15: Any and all Documents which would be relevant to determining the location and movements of the Responding Officers on the date of the incident described in Plaintiff's complaint in this action, such as, for example, any "Attendance & Assignment" records, police reports, arrest lists, ticket books, log sheets, etc.

RESPONSE:     Defendant objects to Request No.15 insofar as it seeks documents that are not related to this incident and are further immaterial and inadmissible, and the request in that respect is overbroad in scope, unduly burdensome, and not reasonably calculated to lead to any information relevant to any claim or defense.

REQUEST NO. 16: All Documents which support a contention by you in this litigation that the Plaintiff committed any criminal acts in connection with the events described in the complaint.

RESPONSE:     Produced herewith.

REQUEST NO. 17: All Documents relating to Department General Orders, Department manuals, procedural guides, rules, policies, or practices, as they were in effect in May 2002 to May 2007, relating to the following subjects:

    a.     Obtaining a search warrant;

RESPONSE:     Produced herewith.

    b.     Making an arrest;

RESPONSE:     Produced herewith.

    c.    Interacting with persons who are homosexual or of a racial or ethnic minority;

RESPONSE:    Produced herewith.

    d.    Searching a residence pursuant to a search warrant;

RESPONSE:    Produced herewith.

    e.    Detaining person(s) during a search of a residence; and

RESPONSE:    Produced herewith.

    f.    Asking citizens to become informants for the Markham police department.

RESPONSE:    Produced herewith.

REQUEST NO. 18: Any Documents which support a claim that any of the Responding Officers acted inconsistently with any of the policies and practices of the City of Markham or the Department at any time during the entire encounter or interaction between the Responding Officers and Plaintiff.

RESPONSE:    None.

REQUEST NO. 19: Any and all Documents relating to any psychological testing or screening of any kind performed on any of the Responding Officers during their employment with the Department.

RESPONSE:    Defendant objects to Request No. 19 insofar as it seeks documents that are not related to the incident in this action, or substantially similar incidents, and not reasonably calculated to lead to any information relevant to any claim or defense in this action.

REQUEST NO. 20: Any and all Documents relating to any psychological testing or screening of any kind performed on any of the Responding Officers before they were hired by the Department.

RESPONSE:    Defendant objects to Request No. 20 insofar as it seeks documents that are not related to the incident in this action, or substantially

similar incidents, and not reasonably calculated to lead to any information relevant to any claim or defense in this action.

REQUEST NO. 21: The entire file for any arrest relating to any of the incidents described in Plaintiff's complaint.

RESPONSE:   Produced herewith.

REQUEST NO. 22: Any and all Documents relating to any Internal Affairs file or any Internal Affairs investigation relating to any of the incidents described in the complaint including any and all attachments.

RESPONSE:   None.

REQUEST NO. 23: All Documents obtained via third party subpoena in this litigation, including but not limited to employment records, medical records, prison/jail records, or any other records.

RESPONSE:   None.

REQUEST NO. 25: Color copies of all photographs taken of Plaintiff in the possession of the City of Markham, the Department, and/or any of the City's employees or agents.

RESPONSE:   Produced herewith.

REQUEST NO. 26: All Documents that relate to any property taken from Plaintiff's person or his residence on May 31, 2007, including but not limited to all United States currency.

RESPONSE:   Produced herewith.

REQUEST NO. 27: The complaint for search warrant subscribed and sworn to by Defendant Walker regarding a search of Plaintiff's residence.

RESPONSE:    Produced herewith.

REQUEST NO. 28: All Documents related to the search warrant issued on May 30, 2007 for Plaintiff's residence, including but not limited to all Documents identifying all Persons who provided information leading to the issuance of the search warrant.

RESPONSE:    Defendant objects to the production of documents identifying persons who provided information leading to the issuance of the search warrant because such person is a confidential informant for the City of Markham.

REQUEST NO. 29: All Documents relating to any communication regarding the search warrant issued for Plaintiff's residence.

RESPONSE:    None.

REQUEST NO. 30: All Documents signed by Plaintiff on May 31, 2007 and June 1, 2007, including but not limited to any agreements to act as an informant, any consent to search forms, and any property inventory sheets.

RESPONSE:    Produced herewith.

Dated: February 20, 2008        CITY OF MARKHAM

By: _____
    Paschal Crawford
    Its Chief of Police


As to Objections:

By: _____
    Mitchell H. Frazen
    LITCHFIELD CAVO LLP
    On of its Attorneys

Mitchell H. Frazen
Lauren M. Penn
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 facsimile



STATE OF ILLINOIS )
                  ) - ss
COUNTY OF COOK    )

    Chief Paschal Crawford, being first duly sworn upon oath, deposes and states that he is familiar with the above and foregoing responses to requests for production of documents in the above-captioned action; that a diligent search has been conducted for the records requested; and that the production of documents by the City of Markham is complete in accordance with the requests.

_____
Chief Paschal Crawford

Subscribed and sworn to before
me this 20 day of February, 2008.

_____
Notary Public

"OFFICIAL SEAL"
JOANNE A. PARSON
Notary Public, State of Illinois
My Commission Expires Dec. 22, 2008

- 8 -

## CERTIFICATE OF SERVICE

I, Mitchell H. Frazen, an attorney, certify that on February 22, 2008, I caused a copy of **CITY OF MARKHAM'S RESPONSES TO PLAINTIFF'S REQUEST FOR PRODUCTION**, to be served on the parties to whom they are addressed by having copies deposited in a United States Post Office box in a sealed envelope, proper postage prepaid, before the hour of 5:00 p.m. at 303 West Madison, Chicago, Illinois.

_____
Mitchell H. Frazen