IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. Walker (Star #526), and UNKNOWN MARKHAM POLICE OFFICERS,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)  No. 07 C 6490<br>)<br>)  Judge Robert M. Dow<br>)<br>)  Magistrate Judge Nan R. Nolan<br>)<br>)<br>) |

### DEFENDANT DASHON WALKER'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant, DASHON WALKER, pursuant to Rule 33 of the Federal Rules of Civil Procedure, for his Answers to Plaintiff's First Set of Interrogatories served upon him in this action on January 9, 2008, states as follows:

INTERROGATORY NO. 1: Under oath, please identify by name and address all Persons who, to the best of your understanding, have knowledge of facts that relate to any of the claims or defenses in this action, including but not limited to all Persons who are not listed in Defendants' Rule 26 Initial Disclosures.

If you answer this Interrogatory by incorporating Documents created by someone other than yourself (e.g. Internal Affairs Documents), please list under oath the identities of any additional Persons not listed in these Documents, or, if there are no such additional Persons with knowledge responsive to the Interrogatory, please so state under oath.

ANSWER:   Frankie Brown, Plaintiff.

Deputy Police Chief Mack Sanders, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Dashon Walker, Defendant, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.



Officer Sam Harris, Defendant, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Tony Debois, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Michael Wilson, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Jesse Jones, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Lee Dean, City of Markham Police Department, 16313 South Kedzie Parkway, Markham, Illinois 60426, (708) 331-2171.

Officer Billy Alexander, City of Posen Police Department, 2440 W. Walter Zimney Drive, Posen, Illinois 60469, (708) 385-0277.

INTERROGATORY NO. 2: For each Person with knowledge responsive to the previous Interrogatory, please describe with particularity (to the best of your understanding) any categories of facts known by each such Person relating to the claims or defenses in this action, including all categories of facts about which the Person may be competent to testify at trial.

If you answer this Interrogatory by incorporating Documents created by someone other than yourself, please state under oath whether (to the best of your knowledge) there are any categories of facts known to any witness relating to the claims or defenses in this action which are not reflected in the Documents upon which you rely; in the event you fail to do so, Plaintiffs will assume the substance of the witnesses' testimony is strictly limited to what is contained in such Documents.

ANSWER: The individuals identified in Interrogatory No. 1 have knowledge of the facts leading to the May 30, 2007 entry and search of Plaintiff's residence; the entry and search of Plaintiff's residence; the seizure of illegal narcotics, drug paraphernalia and $150.00 from Plaintiff's residence; the conduct of the City of Markham Police Officers towards the Plaintiff during the search of Plaintiff's residence; the communications had with the Plaintiff at all times before, during and after the search of Plaintiff's residence; the arrest and detention of Plaintiff; the conduct of the City of Markham Police Officers towards the Plaintiff following his arrest; the facts leading to Plaintiff's voluntary agreement to become a confidential informant for the City of Markham; Plaintiff's working relationship with the City of Markham pursuant to the confidential informant agreement; and the policies and practices of the City of Markham regarding searches, seizures, arrests, detentions and confidential informants.

INTERROGATORY NO. 3: In chronological order, list every occupation or job you have had, including, for each, the name and address of the employer and the dates and positions held; whether you were ever subjected to disciplinary proceedings; and, if terminated, the reason for your termination.

ANSWER: Defendant objects to Interrogatory No. 3 insofar as such request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendant lists his occupations for the past 10 years as follows:

Wackenhut Security, 277 Finley Road, Suite 17, Downer's Grove, Illinois; security guard; August 1998 through April 1999; Defendant was neither subject to disciplinary proceedings nor terminated.

Advocate Trinity Hospital, 2320 East 93rd Street, Chicago, Illinois 60617; security guard; March 1999 through June 2000; Defendant was neither subject to disciplinary proceedings nor terminated.

S&C Electric Company, 6601 North Ridge Avenue, Chicago, Illinois; security guard; April 2000 through December 2000; Defendant was neither subject to disciplinary proceedings nor terminated.

Town of Cicero, 4635 West 26th Street, Cicero, Illinois; auxiliary police officer; August 2000 through December 2000; Defendant was neither subject to disciplinary proceedings nor terminated.

Cook County, 1835 West Harrison, Chicago, Illinois; hospital police; January 2001 through May 2001; Defendant was neither subject to disciplinary proceedings nor terminated.

City of Markham, 16313 South Kedzie Parkway, Markham, Illinois 60426; police officer; May 2, 2001 through the present; Defendant has not been subject to disciplinary proceedings nor terminated.

INTERROGATORY NO. 4: Have you ever been arrested, detained or cited by a police officer or other law enforcement official? For each arrest, detention or citation, identify the date, the law enforcement agencies or officers involved, the charge, and the ultimate disposition of any charges, as well as whether you were ever convicted of any offense.

ANSWER: Defendant objects to Interrogatory No. 4 insofar as such request is overbroad, unduly burdensome and not likely to lead to the discovery of admissible evidence. Without waiving said objection, Defendant has not been arrested, detained or cited by a police officer or other law enforcement official as an adult.

INTERROGATORY NO. 5: Under oath, please state whether there has ever been any Complaint ever made against you (including Plaintiff's or any Complaints which presently remain pending) in the past five years, including but not limited to any and all Internal Affairs Complaints or lawsuits alleging false arrest, evidence manipulation, or dishonest behavior, as well as any Complaints not contained in the Documents previously produced. If you do not know the Complaint number or other such identifying number, please investigate and obtain said number.

ANSWER: There have been no complaints made against this Defendant alleging false arrest, evidence manipulation, or dishonest behavior in the past five years.

INTERROGATORY NO. 6: Under oath, please identify every Person with whom you have ever communicated about the allegations in Plaintiff's complaint in this action. For each such Communication, please state: (a) when and with whom the Communication occurred; and (b) a summary of the nature of the Communication. If you intent to answer by referencing Documents created by someone else (e.g. O.P.S.), please state under oath whether those Documents reference every communication responsive to this Interrogatory, and provide the relevant Bates Numbers.

ANSWER: (a) My attorneys; (b) Defendant objects to Interrogatory 6(b) insofar as it seeks communications which are privileged attorney-client communications.

INTERROGATORY NO. 7: Please identify any and all criminal convictions of any Person related to this lawsuit that Defendant will seek to use at trial for purposes of impeaching any witness, or for any other purpose. For each such responsive conviction, identify: (a) the witness who has been convicted and the nature of the conviction and (b) the complete factual basis as to why the conviction qualifies as admissible under FRE 609. Please be advised that your duty to supplement your answer to this Interrogatory remains ongoing as discovery progresses, and that Plaintiff intends to move *in limine* to bar any references to convictions not identified in the manner requested.

ANSWER: (a) Plaintiff Frankie Brown was convicted on May 25, 2004 for Forgery/Make/Alter Document in violation of 720-5/17-3(A)(1), Case No. 03C6-60198; (b) The conviction is admissible under FRE 609(a)(2) which permits the admission of any evidence that a witness has been convicted of a crime involving dishonesty or false statement.

INTERROGATORY NO. 8: For punitive damage purposes, please estimate Defendant's net financial worth (in dollars). Additionally, please

describe how that net worth has been calculated, including Defendant's yearly salary, and list any and all assets of value in excess of $2,500 (including a description of any ownership of stock or mutual funds).

ANSWER:   Defendant objects to Interrogatory No. 8 because such request is not relevant to any claim or defense in this matter nor is it likely to lead to the discovery of admissible evidence.

INTERROGATORY NO. 9:   Given the sum total of your personal knowledge of the policies and the practices of the Markham Police Department as you understand them (formal or informal, written or unwritten), please state whether you acted inconsistently with any of the Department's policies or any of the Department's practices at any time during the entire encounter or interaction with Plaintiff. If the answer is in the affirmative, please identify: (a) any particular Department policy or any Department practice which, to your knowledge was violated; and (b) state whether any discipline resulted from that violation.

ANSWER:   Defendant did not act inconsistently with any of the City of Markham's polices and practices during his encounter or interaction with the Plaintiff.

INTERROGATORY NO. 10:   For any Affirmative Defenses pled in this matter, please describe the entire factual basis or bases supporting those defense(s). If there is any physical, documentary, or testimonial evidence which supports any such defense, please identify it specifically. The information sought by this Interrogatory is not a mere recitation of the statutory sections invoked, but rather a description of any fact on which immunity is asserted so that Plaintiff may have the opportunity to investigate by way of additional discovery requests. For example, if you intend to assert a qualified immunity defense, please state all of the facts and evidence which support such a defense, identifying all witnesses with knowledge of the same, and the substance of their knowledge.

ANSWER:   Defendant objects to Interrogatory No. 10 insofar as such Interrogatory is vague and unduly burdensome. Without waiving said objection, Defendant responds as follows: the factual bases supporting Defendant's affirmative defenses are set forth in Defendants' Answer to Plaintiff's Complaint, Defendants' Affirmative Defenses, Defendants' Responses to Plaintiff's Request for Admissions, the documents produced in response to Plaintiff's Request for Production, and Defendants' Answers to Plaintiff's Interrogatories.

INTERROGATORY NO. 11:   Do you contend that Plaintiff (or any other Person) committed any illegal acts in the presence of the Responding Officers on the date of the incident described in the complaint? If so, please describe each

alleged illegal act(s), identify the Person who committed the illegal act(s), and provide the precise reference to the Illinois Criminal Code (or County or Municipal ordinance) governing the alleged offense.

ANSWER: Yes; Frankie Brown; those crimes, along with the Illinois Criminal Code governing those crimes, set forth in the Arrest Card dated May 30, 2007, Transaction Control Number LS10333L48797894 and incorporated herein by reference as Defendant's Answer to Interrogatory No. 11.

INTERROGATORY NO. 12: Did you make any efforts or take any steps to have Plaintiff prosecuted criminally? If so, please describe your efforts to have Plaintiff prosecuted, including but not limited to any Persons to whom you spoke and the circumstances of those conversations.

ANSWER: No.

INTERROGATORY NO. 13: For any Document requested in Plaintiff's discovery requests which has been lost, discarded or destroyed, please identify each such Documents as completely as possible and state the approximate date it was lost, discarded or destroyed; the circumstances and manner in which it was lost, discarded or destroyed, including the identities of all persons involved; the reasons for disposing of the Document; the identity of any persons with knowledge of its content; and the identity of the last person known to have seen it.

ANSWER: None.

INTERROGATORY NO. 14: Please state the complete factual basis for any claim by You that the search of Plaintiff's home on May 31, 2007 was reasonable. If Defendants include the existence of a search warrant as a basis, please include the factual basis for any claim that the search warrant was supported by probable cause to believe that illegal items would be found on Plaintiff's person or in his residence.

ANSWER: Plaintiff's home was not searched on May 31, 2007. The search of Plaintiff's home on May 30, 2007 was reasonable pursuant to the Search Warrant, executed by Judge Castiglione on May 30, 2007, incorporated herein by reference as Defendant's response to Interrogatory No. 14. Probable cause existed to support the Search Warrant as detailed in the Search Warrant Complaint, dated May 30, 2007, and incorporated herein by reference as Defendant's answer to Interrogatory No. 14.

**INTERROGATORY NO. 15**: Please state the complete factual basis for any claim by You that the detention of Plaintiff on May 31, 2007 (a) at his home and (b) at the Markham police station was reasonable.

ANSWER:  a) Plaintiff was not detained at his home on May 31, 2007; (b) Please see Markham Police Department Offense/Incident Report, CRN Number. 07-4885; Arrest Card, Transaction Control Number LS10333L48787894 and incorporated herein by reference as Defendant's Answer to Interrogatory No. 15(b).

**INTERROGATORY NO. 16**: Please provide each and every reason Plaintiff was not charged after being detained at the Markham police station on May 31, 2007.

ANSWER:  Plaintiff voluntarily agreed to act as a confidential informant for the City of Markham in lieu of being charged with those crimes set forth in the Arrest Report dated May 30, 2007, Transaction Control Number LS10333L48797894.

Dated: February __, 2008

_____
Dashon Walker

As to Objections:

_____
Mitchell H. Frazen
LITCHFIELD CAVO LLP
His Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280850)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 facsimile

Feb-19-2008  06:09pm  From-LITCHFIELD CAVO LLP         +3127913838         T-585  P.009/023  F-448

STATE OF ILLINOIS   )
                    ) -ss:
COUNTY OF COOK      )

Dashon Walker, being first duly sworn upon oath, deposes and states that the statements contained in the above and foregoing answers to interrogatories, subject to any objections made therein, are true and correct.

_____
Dashon Walker

Subscribed and sworn to before me
this 21st day of February, 2008

_____
Notary Public

"OFFICIAL SEAL"
NICOLE TORMEY
COMMISSION EXPIRES 07/01/09

## **CERTIFICATE OF SERVICE**

    I, Mitchell H. Frazen, an attorney, certify that on February 22, 2008, I caused a copy of **DEFENDANT DASHON WALKER'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES**, to be served on the parties to whom they are addressed by having copies deposited in a United States Post Office box in a sealed envelope, proper postage prepaid, before the hour of 5:00 p.m. at 303 West Madison, Chicago, Illinois.

 

_____
Mitchell H. Frazen