IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6490 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| CITY OF MARKHAM and City of ) | Magistrate Judge Nan R. Nolan |
| Markham Police Officers HARRIS D. ) | |
| WALKER (Star # 526), and UNKNOWN ) | |
| MARKHAM POLICE OFFICERS ) | |
| ) | |
| Defendants. ) | |

### CITY OF MARKHAM'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant City of Markham, by and through its attorneys LITCHFIELD CAVO LLP and in response to Plaintiff's Motion to Compel disclosure of the City's confidential informant states as follows:

Background

On May 29, 2007 City of Markham Officer Dahsun Walker prepared a Complaint for Search Warrant. *See* Complaint for Search Warrant attached hereto as Ex. A. In the affidavit for search warrant, Officer Walker stated that he had been conducting a narcotics investigation of the plaintiff due to complaints of narcotics sales from plaintiff's home. *See* Ex. A.

Officer Walker further stated that a confidential informant, known to him for one year, related to him that plaintiff kept cocaine and firearms inside of his residence, and within the last month the confidential source was inside the home and observed cocaine and firearms. *See* Ex. A.

On May 29, 2007 Dashun Walker and City Officer Tony Debois met the confidential informant at the City of Markham police station. *See* Officer Walker's

deposition testimony attached hereto as Ex. B, page 86. Officer Walker searched the plaintiff for the presence of illegal narcotics and weapons, and after having found none, tendered $20.00 to the informant to be used in the purchase of narcotics from plaintiff's home. See Informant Receipt of Funds attached hereto as Ex. C., See Ex. A., See Ex. B, pages 83-86. The informant signed the receipt of funds, but his signature has been redacted to protect his identity. See Ex. C. Officer Walker and the informant left the station together. See Ex. B, page 93.

While maintaining a visual of the informant at all times, Officer Walker observed the informant walk to plaintiff's home, approach the door, and then enter the home. See Ex. B., pages 90 - 101. A short time later, the informant exited the home and tendered a plastic baggie containing an off-white substance to Officer Walker. See Ex. A. The off-white substance field-tested positive for cocaine. See Ex. A.

On May 30, 2007 the informant again was used to purchase narcotics from plaintiff's home. See Ex. A. The informant was tendered another $20.00 to use in the purchase of narcotics from plaintiff's home. See Informant Receipt of Funds dated May 30, 2007 attached hereto as Ex. D. The informant signed the receipt of funds, but his signature has been redacted to protect his identity. See Ex. D. This time, Officer Debois maintained a visual on the informant from the time he left the station until he arrived Nottingham, the street on which plaintiff resides. See Ex. B, page 266. Officer Debois and Walker maintained a visual on the informant from the time the informant arrived on Nottingham until the informant entered plaintiff's home. See Ex. B, pages 266-267. The informant

spoke to the plaintiff. See Ex. A. Plaintiff and the informant entered the home. See Ex. A. A short time thereafter, Officer Walker met the informant and the informant tendered to him a baggie containing an off-white rocky substance that field-tested positive for cocaine. See Ex. A.

Officer Walker appeared before Cook County Circuit Judge Frank Castiglione. *Id.* Judge Castiglione found that there was probable cause to believe that narcotics and a firearm would be found inside plaintiff's residence and issued a search warrant. *See* Search Warrant attached hereto as Ex E. Within hours after obtaining the search warrant, several City of Markham police officers entered plaintiff's home to search for and seize narcotics that were being sold out of the home. Plaintiff was encountered by the officers in his bathroom. See Plaintiff's Second Amended Complaint incorporated herein by reference. He was handcuffed and seated in a chair. *Id.* Plaintiff alleges that the officers made comments and remarks concerning his homosexuality. *Id.* The City and its officers deny that any comments or remarks concerning plaintiff's homosexuality and HIV+ status were made. See City of Markham's Answer to Plaintiff's Complaint incorporated herein by reference.

The search of plaintiff's residence revealed a plastic bagging containing suspect narcotics near the toilet in plaintiff's bathroom, a plastic baggie containing suspect narcotics in the shower of plaintiff's bathroom and a white plate with three razors all of which contained white powdery residue. *See* Search Warrant Inventory attached hereto as Ex F. Plaintiff was arrested and transported to the City's police station. The following day, Plaintiff agreed to

become a confidential informant for the City and he was released. See Ex. G. Plaintiff was not charged in lieu of his agreement to act as an informant.

On May 28, 2008, Plaintiff filed the instant Motion to compel the disclosure of the informant and all documents related to the disclosure of the informant. In support of his motion, Plaintiff argues: (1) the confidential informant is the heart of his case; (2) defendants can not meet their burden to show that the risk of disclosure would create any harm; and (3) the use of the informant is suspect. Plaintiff further argues, in the alternative, that should the disclosure of the informant be denied, the City should be barred from relying on any testimony as to what the informant said and did. As set for below, these claims are without merit and plaintiff's motion to compel disclosure of the informant, or, in the alternative, to bar the City's reliance on any testimony as to what the informant said and did must be denied.

I. Legal Standard

It is axiomatic that a government has a privilege to withhold the identity of a confidential informant. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The government is granted the privilege as of right. *United States v. Valles*, 41 F.3d 355, 358 (7th Cir. 1994); *Dole v. Local No. 1942,* 870 F.2d 368, 372 (7th Cir. 1989). This privilege is applicable in civil cases as well. *Dole,* 870 F.2d 368, 372, citing *Hampton v. Hanrahan*, 600 F.2d 600, 636 (7th Cir. 1979). In fact, the privilege against disclosure of confidential informants is greater in civil cases than it is in criminal cases due to the constitutional guarantees given to criminal defendants not applicable in civil cases *Id.* at 372; *Guzman v. City of Chicago* 242 F.R.D. 443, 447 (N.D. Ill. 2004).

4

The purpose and function of the privilege is to encourage individuals to offer their assistance and cooperation to law enforcement officers while protecting their anonymity against the threat of physical harm. *Dole* 870 F.2d 368, 372. As succinctly stated by the United States Supreme Court in *Roviaro*, "[t]he purpose of the privilege is the furtherance and protection of public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to enforcement officials and, by preserving their anonymity, encourages them to perform that obligation." *Roviaro*, 353 U.S. 60. "Informants are a vital part of society's defense arsenal", *In re Kelberg County, Texas*, 2004 WL 75455 at 3 (C.A.5(Tex.)) and the governments' interest in protecting the informant "relates both to the safety of the informant and the informant's future usefulness to the authorities as a continuing confidential source." *Id.*, citing *United States v. Orozco*, 982 F.2d 152, 156 (5th Cir. 1993).

Defendants concede that this privilege is qualified and not absolute; however, a high burden is placed upon plaintiffs to overcome this privilege given to the government as a right. *Dole,* 370 F.2d 368 at 372. As stated in *Guzman,* "the party seeking disclosure has the burden of demonstrating a need for the identity of the informant that outweighs the public's interest in effective law enforcement" *Guzman*, 242 F.R.D. at 447, and as the party opposing the privilege may only overcome it by showing that his need for the information outweighs the government's right to the privilege. *Dole,* 370 F.2d 368 at 373.

In the instant case, plaintiff can not meet the burden that his need for information outweighs the City's entitlement to protect disclosure of the confidential informant and, therefore, his motion should be denied.

## II.   Argument

A.   <u>Plaintiff Fails To Make The Showing Necessary To Overturn the City's Right To Protect Disclosure</u>

Plaintiff fails to meet his burden to demonstrate that his need for disclosure outweighs the City's given right to protect the identity of the informant. Plaintiff claims that the confidential informant is "at the very heart of the case" because the Search Warrant Complaint against plaintiff lists no probable cause other than what the confidential informant told Walker. Plaintiff's assertion is incorrect. As contained in the Search Warrant Complaint, not only did the confidential informant provide information concerning plaintiff's involvement in the sale of narcotics, Officer Walker conducted two controlled purchases of narcotics from plaintiff's residence. See Ex. A. Further, as Officer Walker testified in his deposition, he observed the informant leave the City of Markham police station, walk in a northerly direction to Nottingham, walk down Nottingham to plaintiff's residence and enter into plaintiff's residence. See Ex. B.

In the instant case, there already exists ample information available to the Plaintiff relevant to the issue of probable cause and the reliability of the warrant, without the need to disclose the confidential informant. Officer Walker testified at length concerning his firsthand information obtained from the informant, his interactions with the informant, his observations of the informant before entering plaintiff's home, his observations of the informant upon exiting plaintiff's home, and the tendering of the cocaine to Officer Walker just minutes after leaving

plaintiff's home. In addition, plaintiff's counsel will certainly address these issues with Officer Debois, who has also worked with the informant and was present for the two controlled purchases of narcotics from plaintiff's home. Disclosure of Doe's identity does not hinder Plaintiff from arguing that probable cause did not exist.

Even assuming that plaintiff is correct in asserting that Search Warrant Complaint against plaintiff lists no probable cause other than what the confidential informant told Walker, plaintiff fails to establish how his need for the disclosure of the informant outweighs the City's right to protect the informant's identity. Plaintiff simply makes the assertion and then provides no facts or argument to support such assertion.

In *Guzman v. City of Chicago*, 242 F.R.D. 443 (N.D. Ill. 2007) plaintiff sought disclosure of a confidential informant whose information provided the basis for a search warrant. Plaintiff argued that the identity of the informant was "highly relevant" and "critical" to whether the officers had probable cause to obtain a search warrant. *Id.* at 447. Honorable Magistrate Judge Jeffery Cole found that Plaintiff did not set forth any evidence to show how the identity of the informant would aid her in prosecuting her claims against the officers. *Id.* The Court found that whether it was proper for the officers to rely on the information and whether it was illegal to search her apartment had nothing to do with the identity of the informant. *Id.* at 448. Judge Cole further found that "adding the informant's name to the mix would do nothing to aid the analysis" whether plaintiff's constitutional rights were violated. *Id.* In support of his holding, Judge

Cole pointed out that plaintiff's claim that disclosure of the informant was "critical" was mere speculation and that:

> [m]ere speculation is never enough to overcome the privilege. Here, there is no even a speculative argument to be made. Plaintiff's positing of issues without explanation of how they turn on John Doe's identity does not discharge her burden of demonstrating that the information is essential to a balanced measure of the issues and the fair administration of justice. Id.

As in *Guzman*, plaintiff has asserted that disclosure of the confidential informant is the "heart of the case," but has failed to even make a speculative argument as to how the claims raised in plaintiff's Complaint turn on the identity of the informant. His blanket assertion that the informant's identity is the "heart of the case" is simply mere speculation not enough to overcome the privilege and is flatly inadequate to outweigh the City's substantial interest in maintaining the confidentiality of the informant. Therefore, plaintiff has failed to meet his burden that this disclosure of the informant outweighs the City's right to protect his identity and therefore the City's right to protect the informant's identity must prevail.

    B.    <u>Plaintiff Fails To Set Forth Any Evidence to Suggest That Facts Contained In The Search Warrant Complaint Are False</u>

Plaintiff argues that there is "considerable evidence that the police are lying," however, outside of his blanket, unsupported assertion contained in his motion, he provides not a scintilla of evidence to support such an accusation that the statements contained in the Search Warrant Affidavit are false. Further, plaintiff does not allege that any of the City officers falsified information in his Second Amended Complaint.

Plaintiff also seems to suggest that the use of the informant is suspect because: (a) plaintiff was not charged with a crime; (b) the officers claim that plaintiff became a confidential informant for the City which plaintiff, in his motion, "absolutely and unequivocally denies;" (c) Officer Walker failed to document information plaintiff himself provided on confidential informants; and (d) that a confidential informant file on the plaintiff was never created. These arguments are utterly irrelevant to whether a confidential informant existed in this case and do not call into question the existence of an informant.

Plaintiff has failed to show how a decision not to charge one with a crime and failure to follow procedure, which the City and its officers deny, point to evidence that a confidential informant was fabricated. Contrary to Plaintiff's argument that he "absolutely and unequivocally denies" he was an informant for the City, plaintiff did in fact become a confidential informant in lieu of his being charged with any crimes. *See* Confidential Informant Agreement attached hereto as Ex. G. Further, contrary to plaintiff's argument, the City and its officers have not admitted that an informant file was never created on the plaintiff. Rather, the City responded that it did not have plaintiff's informant file. After additional search and inquiry, and pursuant to its duty to supplement, the plaintiff's informant file was produced to plaintiff's counsel on June 11, 2008. It is clear that these arguments proffered by plaintiff are merely "smoke and mirrors" used to detract attention away from the fact that he does not have one scintilla of evidence to support his argument that the use of the informant was fabricated.

Plaintiff relies heavily on *Hampton v. Hanarhan,* 600 F.2d 600 (7th Cir. 1979) to support his argument that the identity of the informant should be

disclosed; however, *Hampton* is distinguishable from the instant case because in *Hampton*, there was objective evidence leading to the conclusion that the officers did not have a confidential informant. *Id.* at 637. In reaching its conclusion, the Court found that plaintiff's request for disclosure was not based on mere speculation concerning the existence of the informant, rather there was a "considerable amount of evidence" pointing to the fact that the officers did not have an informant. *Id* at 637. In the instant case, outside of Plaintiff's unsubstantiated assertion and mere speculation contained in his motion there is no evidence at all to suggest that the informant does not exist. Therefore, Plaintiff's reliance on *Hampton* is misplaced.

Plaintiff further relies on *Krauser v. Scalise*, 1989 WL 158006 (N.D. Ill., 1989) in support of his motion that disclosure of the informant is warranted. In *Krauser*, plaintiff alleged in his Complaint that the defendant officer violated his fourth amendment rights by falsifying an affidavit in order to obtain a warrant. The Court found that disclosure was necessary because there was actual evidence in the record that that called into question the informant's existence and that all of the information contained in the warrant was based, not on the defendant officer's personal knowledge; rather, solely on what was disclosed to him by an informant. *Id.* at 5. Further, the Court found that since plaintiff actually alleged in his Complaint that the defendant officer falsified information and that the informant was the only one with any knowledge of the information contained in the affidavit, plaintiff's entire claim necessarily rested on the information given by the informant. *Id.*

10

In the instant case, there is no such allegation in plaintiff's Second Amended Complaint that the officers falsified information nor is there any evidence to support that the informant was fabricated. Further, unlike *Krause*, the information contained in the Search Warrant Complaint was not based solely on information provided by the informant, but rather on Officer Walker's own surveillance of the plaintiff's home and his own observations of the informant. Therefore, plaintiff's reliance on *Krauser* is also misplaced.

Plaintiff's motion sets forth no evidence to support the assertion that Officer Walker misrepresented the facts contained in the Search Warrant Complaint or that the existence of the confidential informant is questionable. Plaintiff makes a blanket assertion and then fails to support it with any argument. It is clear that plaintiff is simply seeking to test his unsubstantiated theories by seeking disclosure of the informant. As the Honorable Magistrate Judge Jeffery Cole stated in *Guzman*, "the privilege will not yield to permit a mere fishing expedition, nor upon bare speculation that the information may possibly prove useful." *Guzman* 242 F.R.D. 443 at 448; citing *Dole v. Local 1942*, 870 F.2d, at 270. It is clear that plaintiff thorough his motion to compel is doing nothing more than engaging in "mere fishing expedition" to determine whether Officer Walker misrepresented facts contained in the Search Warrant Complaint, and as such, his motion to compel must be denied.

C. <u>The City Is Not Required To Show That Risk Of Disclosure Would Create Harm</u>

Plaintiff incorrectly states in his motion that the law places the burden on the party asserting the privilege to show that reprisal or retaliation is likely should the informant's identity be disclosed. In support of his argument, plaintiff cites

11

*Dole v. Local 1942*, 870 F.2d, at 372; however, plaintiff misstates the law. The Seventh Circuit in *Dole* stated that, "[w]hen asserting the privilege the government *need not* make a threshold showing that reprisal or retaliation is likely, because of the significant policy consideration behind the privilege, as well as the difficulty of such proof. Rather, the government is granted the privilege as of right. *Dole v. Local* 1942, 870 F.2d, at 372 (emphasis added). Therefore, the City is not required to show that disclosure of the informant would be likely to lead to harm.

Further, plaintiff argues that disclosure should be allowed under an "Attorney's Eyes Only" protective order and that there is no need for plaintiff himself to know the name and information pertaining to the confidential informant "at this stage of litigation." In support of this form of relief plaintiff cites *Autotech Tech, Ltd. P'ship v. Automaitondirect.com, Inc.*, 235 F.R.D. 435, 445 (N.D.Ill. 2006); however, unlike the instant case, in *Autotech Tech*, the subject of "Attorney's Eyes Only" disclosure was information pertaining to a customer list, not a confidential informant. Plaintiff also cites *Hampton* in support of his motion for a protective order; however, as discussed above, the Court found that disclosure of the informant in *Hampton* was warranted because there was compelling evidence that the informant was fabricated, unlike the instant case, where disclosure is only sought by Plaintiff to test his unsubstantiated theories.

In sum, Plaintiff's motion fails to set forth any evidence sufficient to create a question as to the existence of the informant or that the facts contained in the Search Warrant Complaint are false and, therefore, fails to meet his burden that disclosure of the informant outweighs the City's right to protect his identity.

Because plaintiff's assertions are not supported by any evidence, his identity should be kept privileged pursuant to the City's right and should not be disclosed to plaintiff's attorneys, even under an "Attorneys' Eyes' Only" protective order so that they may engage in a fishing expedition to test unsupported theories.

    C.    <u>Defendant Should Not Be Barred From Presenting Evidence of The Confidential Informant</u>

Plaintiff argues that if the City asserts its right to protect the identity of the informant, it should be prohibited from relying on what the confidential informant said and did. Plaintiff cites *Manning v. Buchan*, 357 F.Supp.2d 1036 (N.D. Ill. 2004) and *Jones v. United States*, 9. F.Supp.2d 1119 (D.Neb.1998) to support this contention; however, both cases are clearly distinguishable from the instant case.

In *Manning*, the plaintiff was charged and convicted of kidnapping and murder. His conviction was later overturned and he filed suit against FBI agents alleging they framed him the kidnapping and murder. The agents sought to introduce evidence that Manning was suspected of several other murders based upon information provided by confidential informants. *Id.* at 1047. Plaintiff sought disclosure of the informant, or in the alternative, sought to bar the agents from testifying as to the information obtained from the informant. *Id.* at 1048. The Court denied plaintiff's motion and did not order disclosure of the informant. *Id* at 1047. The Court did, however, bar the agents from testifying as to information obtained from the informants. *Id.*

Judge Kennelly's result in *Manning* is distinguishable on its face. In ruling that the agents would be barred from testifying as to information obtained from confidential sources due to their refusal to disclose the identity, Judge Kennelly

13

found that the information obtained by the confidential informants "may have probative value, but the value is nowhere near as high as the defendants claim." *Id.* at 1049 and that the "probative value of the evidence [was] not terribly great." *Id.* at 1050. Plaintiff himself claims in his motion that the issue of the confidential informant in *Manning* was "more peripheral." Unlike *Manning*, where the information obtained from the confidential source was not probative of either a claim or defense, the information obtained form the confidential source in the instant case is central to defending the claim that the officers did not violate plaintiff's constitutional rights.

In *Jones v. United States*, 9. F.Supp.2d 1119, plaintiffs filed a claim for damages against the IRS for wrongful disclosure of tax return information to a confidential informant. The government successfully argued against disclosure of the informant; however, the government sought also to argue that plaintiffs failed to prove their case as to the identity of the informant. The Court held that the government could not use the privilege as both a "shield and a sword" *Id.* at 1049, and found that the government could not argue that the plaintiffs failed to prove their case due to their failure to identity the informant. *Id.* 1049. Contrary to plaintiff's assertion in the instant case, the Court did not bar any testimony with respect to the informant.

Plaintiff's argument that the City, by choosing to exercise its right to protect the identity of the confidential informant, should be barred from testifying as to what the confidential informant said and did in cases where the information obtained is central to the case is unsupported by any case law. This is not surprising as to hold otherwise would place governments in an impossible

situation of deciding whether to disclose the identity of an informant or forgo any defense it or its officers may have against civil rights violation claims. Such a holding would effectively serve to render the right against disclosure of confidential informants meaningless as defendants in civil rights actions would be forced to reveal their sources in order to defend themselves.

Contrary to plaintiff's assertion, the City is not using the informant as both a "shield and a sword" nor is not "blocking all discovery" with respect to the confidential informant. As discussed above, disclosure of the identity of the informant does not prohibit plaintiff from arguing any claim in its Complaint. The information contained in the Search Warrant Complaint was also based upon Officer Walker's personal knowledge and observation and he has been fully deposed on these issues. In addition, it is expected that Officer Debois will also be deposed on the issue of the confidential informant and his own personal knowledge and observation of the informant. To find that the City officers should be barred from testifying as to their personal knowledge and observations of the informant because his identity has not been disclosed is nonsensical. Plaintiff has the ability through other means of discovery to establish facts sufficient to support his claim. Therefore, his motion to bar reliance on what the Plaintiff said and did should be denied.

### III. Conclusion

Plaintiff's motion fails to set forth any evidence sufficient to establish that the disclosure of the informant is essential to his case and fails to set forth any evidence to suggest that Officer Walker misrepresented any facts contained in the Warrant. His claims are mere speculation and therefore, he fails to carry his

burden to show that his interest in the identity of the informant outweighs the City of Markham's interest to protect his identity. Further, for the foregoing reasons, the City should not be barred from relying on any testimony as to what the confidential informant said and did. Therefore, plaintiff's motions must be denied.

WHEREFORE, Defendant City of Markham requests this Honorable Court deny Plaintiff's Motion To Compel and for any further relief this Court deems just.

Dated: June 24, 2008                             CITY OF MARKHAM,


By:  /s/ Lauren Penn
    Lauren M. Penn
    LITCHFIELD CAVO LLP
    Its Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280850)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 Fax

## CERTIFICATE OF SERVICE

    I, Lauren M. Penn, an attorney certify that on June 24, 2008, I sent by CM/ECF electronic filing the City of Markham's Response to Plaintiff's Motion to Compel.

                                                             /s/ Lauren M. Penn