IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07 C 6490 |
| | ) | |
| v. | ) | Judge Robert M. Dow |
| | ) | |
| CITY OF MARKHAM and City of | ) | Magistrate Judge Nan R. Nolan |
| Markham Police Officers HARRIS D. | ) | |
| WALKER (Star # 526), MICHAEL | ) | |
| WILSON, DARRYL STARKS, JESSE | ) | |
| JONES, TONY DEBOIS, MAX | ) | |
| SAUNDERS, and UNKNOWN | ) | |
| MARKHAM POLICE OFFICERS, | ) | |
| | ) | |
| Defendant. | ) | |

## DEFENDANT DASHUN WALKER'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant, DASHUN WALKER, by his attorneys LITCHFIELD CAVO LLP, for his

Answer to Plaintiff's Second Amended Complaint, filed June 3, 2008, states as follows:

Introduction

1.    This action is brought under 42 U.S.C. § 1983 to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

ANSWER:   Defendant admits the allegation that this action is brought under 42 U.S.C.

§ 1983, but denies that there was any deprivation under color of law of Plaintiff's rights

as secured by the United States Constitution.

2.    Specifically, the allegations that follow establish misuse of a police department's authority to promote an abhorrent homophobic agenda. While Mr. Brown is reluctant to make public the events described herein, he feels that he must speak out lest this gross misconduct fester within the Markham Police Department without exposure to public scrutiny.

ANSWER:   Defendant denies that the allegations that follow establish a misuse of a

police department's authority to promote an abhorrent homophobic agenda and that the City of Markham Police Department misused its authority to promote such an agenda. Defendant further denies that gross misconduct festers within the City of Markham Police Department, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 2.

## Jurisdiction and Venue

3.    This Court has jurisdiction of the action under 28 U.S.C. §§ 1331 and 1367.

ANSWER:    Defendant admits the allegations of paragraph 3.

4.    Venue is proper as Plaintiff resides in this judicial district and Defendant City of Markham is a municipal corporation located here. Further, the events giving rise to the claims asserted here all occurred within this district.

ANSWER:    Defendant admits the allegations of paragraph 4.

## Background

5.    Plaintiff Frankie Brown, 47-years-old, is a long-time resident of Markham, Illinois.

ANSWER:    Defendant admits the allegations of paragraph 5.

6.    On or about May 31, 2007, several plain-clothed Defendant Officers forced their way into Mr. Brown's house without knocking or announcing their office prior to entering.

ANSWER:    Defendant admits that on May 30, 2007, several plain-clothed Defendant Officers entered Plaintiff's home.    Defendant denies all remaining allegations of paragraph 6.

7.    At the time the officers forced their way into his home, Mr. Brown was in the bathroom where he was surprised by the Defendant Officers. Mr. Brown was terrified because the Defendants were pointing guns at him and because he had no idea they were police officers.

ANSWER:   Defendant admits that when Defendant Officers entered into Plaintiff's home, Plaintiff was in the bathroom and that Defendant Officers pointed guns at him, but Defendant is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 7.

8.    Mr. Brown was forced to lie on his stomach with assault rifles pointed at his head. The Defendant Officers then handcuffed him, dragged him into an adjacent room, and slammed him into a chair. While the officers searched Mr. Brown's house, additional uniformed Defendant Officers arrived and entered the premises.

ANSWER:   Defendant admits that Plaintiff was forced to lie on his stomach and was handcuffed and that additional uniformed Defendant Officers entered the premises while Plaintiff's house was being searched.  Defendant denies all remaining allegations of paragraph 8.

9.    The Defendant Officers, including but not limited to Defendant Officers Harris and Walker, began making numerous offensive and derogatory statements regarding Mr. Brown's sexual orientation. Throughout the ordeal, the Defendant Officers continued to make derogatory statements, including but not limited to words to the effect of: "I'll sleep better tonight knowing there is one less fag on the street"; "He is one of those dick-in-the-booty boys"; "We shouldn't be touching him, he takes it in the ass and sucks dick"; and "What does a fag like you need with a lawyer."

ANSWER:   Defendant denies the allegations of paragraph 9.

10.   The Defendant Officers subsequently moved Mr. Brown, who was still handcuffed and seated, to the doorway of his open front door while they conducted a further search of the house.

ANSWER:   Defendant admits that Plaintiff was moved to the doorway of his open front

3

door while Defendant Officers conducted a further search of his house.    Defendant

denies the remaining allegations of paragraph 10.


11.    The Defendant Officers found a photograph of two of Plaintiff's male relatives and a friend, as well as a homosexual pornographic video, which had been concealed inside Mr. Brown's house. The Defendant Officers brought the photo and the video outside to show Mr. Brown's neighbors and the other police officers who were gathered around Mr. Brown's house. The Defendant Officers made degrading comments about Mr. Brown supposedly having sexual relations with the people in the photograph.

ANSWER:    Defendant admits that photographs and homosexual pornographic videos

were found in Plaintiff's home, but is without knowledge or information sufficient to form

as belief as to whether those photographs depicted two of Plaintiff's male relatives and

a friend.   Defendant denies the remaining allegations of paragraph 11.


12.    Mr. Brown, who was humiliated and embarrassed by the Defendant Officers' actions, attempted to move the chair to which he was shackled further inside the house so he would not have to face his neighbors. This infuriated the Defendant Officers, who dragged Mr. Brown to the front of his house. The Defendants then placed the picture and the pornographic movie on a ledge next to Mr. Brown so that he and the items were on display for everyone gathered outside. In an effort to further humiliate Mr. Brown, the Defendant Officers then aimed a police spotlight directly at Mr. Brown, so that Mr. Brown, the picture, and the pornographic video would be illuminated for the neighborhood to see.

ANSWER:    Defendant denies the allegations of paragraph 12.


13.    This was not a brief episode of humiliation. Mr. Brown spent well over an hour sitting handcuffed in front of his house spotlighted next to the video and the picture while the Defendant Officers continued to search his house.

ANSWER:    Defendant denies the allegations of paragraph 13.


14.    After some time, Mr. Brown's nephew, who lives with Mr. Brown and is his legal ward, arrived at the home. The Defendant Officers immediately began harassing the young man with extremely offensive and derogatory language insinuating that he was involved in sexual activity with his uncle. Mr. Brown's nephew was so threatened by

the Defendant Officers and what they were doing to his uncle that he was forced to leave.

ANSWER:   Defendant is without knowledge or information sufficient to form a belief as to the truth that Plaintiff's nephew, who lives with Mr. Brown, and is his legal ward, arrived at the home.  Defendant denies the remaining allegations of paragraph 14.

15.   The Defendant Officers then informed Mr. Brown's neighbors that Mr. Brown was HIV positive, a fact that Mr. Brown had not previously shared with anyone, and which was only discovered by the Defendant Officers by examining the medications in his medicine cabinet.

ANSWER:   Defendant admits that Plaintiff's HIV status was discovered by examining the medications in Plaintiff's medicine cabinet.   Defendant is without knowledge or information sufficient to form a belief as to the truth that Plaintiff had not previously shared his HIV status with others.   Defendant denies the remaining allegations of paragraph 15.

16.   Several hours after the Defendant Officers first entered Mr. Brown's home, they transported him, still handcuffed, to the Markham Police Station without any justification. Mr. Brown was arrested despite the fact that he had committed no crime and the officers found absolutely nothing illegal during their search. In addition, the Defendant Officers took approximately $150 from Mr. Brown without authorization or explanation. That money has never been returned to him.

ANSWER:   Defendant admits that $150.00 was seized from Plaintiff's home during the search and has not been returned and that Plaintiff was arrested and transported, still handcuffed, to the Markham Police Station.  Defendant denies the remaining allegations of paragraph 16.

17.   The Defendant Officers unlawfully held Mr. Brown at the police station until the following evening. The Defendant Officers refused to let Mr. Brown leave unless he signed an agreement stating that he would cooperate with the Markham Police Department by informing them about any illegal activity in his neighborhood. The

Defendant Officers then released Mr. Brown without charging him with a crime.

ANSWER:   Defendant admits that Plaintiff was held overnight at the police station and released without being charged with a crime due to his agreement to act as a confidential informant.  Defendant denies the remaining allegations of paragraph 17.

Count I

18.     Each of the Paragraphs in this complaint is incorporated as if restated fully herein.

ANSWER:   Defendant incorporates by reference his answers to paragraphs 1 through 17 as his answer to paragraph 18 of Count I.

19.     As described more fully above, Plaintiff's home was searched by the Defendant Officers in a manner which violated the Fourth Amendment.

ANSWER:   Defendant denies the allegations of paragraph 19.

20.     The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

ANSWER:   Defendant denies the allegations of paragraph 20.

21.     The policy and practice of the City of Markham were the moving force behind these constitutional violations in that:

   a.     The misconduct described in this Count was undertaken pursuant to the policy and practice of the Markham Police Department in that:

   b.     As a matter of both policy and practice, the Markham Police Department directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference;

   c.     As a matter of both policy and practice, the Markham Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct,

thereby leading Markham Police Officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiff;

d.    specifically, Markham Police Officers accused of excessive force can be confident that the City will not investigate those accusations in earnest, and will refuse to recommend discipline even where the Officer has engaged in excessive force;

e.    Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Markham Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Markham Park Police Department makes findings of wrongdoing in a disproportionately small number of cases;

f.    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Markham Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case; and

g.    The City of Markham has failed to act to remedy the patterns of abuse describe in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

ANSWER:    Defendant denies the allegations of paragraph 21, including sub-paragraph 21(a) through 21(g), and each of them.


22.    As a result of the unjustified violation of Plaintiff's rights by the Defendant Officers, as well as the City's policy and practice, Plaintiff has suffered injury, as well as emotional distress.

ANSWER:    Defendant denies the allegations of paragraph 22.


23.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment and under color of law.

ANSWER:    Defendant denies the allegation of paragraph 23.


<u>Count II</u>


24.    Each of the Paragraphs in this Complaint is incorporated as if restated fully

herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through

23 as his answer to paragraph 24 of Count II.


26.    As described more fully above, the Defendant Officers detained Plaintiff
unlawfully.

ANSWER:    Defendant admits that Plaintiff was detained, but denies the remaining

allegations of paragraph 26.


27.    The misconduct described in this Count was undertaken with malice,
willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 27.


28.    The misconduct described in this Count was undertaken pursuant to the
policy and practice of the Markham Police Department in the manner described in
preceding paragraphs.

ANSWER:    Defendant denies the allegations of paragraph 28.


29.    As a result of the above-described wrongful infringement of his rights,
Plaintiff suffered damages, including but not limited to emotional distress and anguish.

ANSWER:    Defendant denies the allegations of paragraph 29.


30.    The misconduct described in this Count was undertaken by the Defendant
Officers within the scope of their employment and under color of law.

ANSWER:    Defendant denies the allegations of paragraph 30.


Count III


31.    Each of the Paragraphs of this Complaint is incorporated as if restated fully
herein.

8

ANSWER:   Defendant incorporates by reference his answers to paragraphs 1 through 30 as his answer to paragraph 31 of Count III.

32.    The Defendants reached an agreement amongst themselves to unlawfully search Plaintiff's home and falsely arrest him, and to thereby deprive Plaintiff of his constitutional rights, all as described in the various paragraphs of this Complaint.

ANSWER:   Defendant admits that Plaintiff's home was searched and that Plaintiff was arrested.  Defendant denies all remaining allegations of paragraph 32.

33.    In furtherance of the conspiracy, each of the co-conspirators committed overt acts and was an otherwise willful participant in joint activity.

ANSWER:   Defendant denies the allegations of paragraph 33.

34.    As a direct and proximate result of the illicit prior agreement referenced above, Plaintiff's rights were violated, and he suffered financial damages, as well as severe emotional distress and anguish, as is more fully alleged above.

ANSWER:   Defendant denies the allegations of paragraph 34.

35.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:   Defendant denies the allegations of paragraph 35.

36.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Markham Police Department in the manner described more fully in preceding paragraphs, and was tacitly ratified by policy-makers for the City of Markham with final policymaking authority.

ANSWER:   Defendant denies the allegations of paragraph 36.

<u>Count IV</u>

37.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through

36 as his answer to paragraph 37 of Count IV.


38.    As described more fully in the preceding paragraphs, the Defendant
Officers unlawfully exercised dominion or control over Plaintiff's property, which was not
returned to Plaintiff.

ANSWER:    Defendant admits that $150.00 was seized from Plaintiff's home during the

search and has not been returned to him.  Defendant denies the remaining allegations

of paragraph 38.


39.    The misconduct described in this Count was undertaken with malice,
willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 39.


40.    As a result of Defendant Officers' misconduct described in this Count, as
well as the City's policy and practice, Plaintiff has suffered injury, including but not
limited to the lost property.

ANSWER:    Defendant denies the allegations of paragraph 40.


41.    The misconduct described in this Count was undertaken by the Defendant
Officers within the scope of their employment and under color of law such that their
employer, City of Markham, is liable for their actions.

ANSWER:    Defendant denies the allegations of paragraph 41.


Count V


42.    Each of the Paragraphs in this Complaint is incorporated as if restated
fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through

41 as his answer to paragraph 42 of Count V.

43.    Plaintiff was detained despite the Defendant Officers' knowledge that there was no lawful justification for doing so.

ANSWER:    Defendant admits that Plaintiff was detained.    Defendant denies the remaining allegations of paragraph 43.


44.    In the manner described more fully above, the Defendant Officers caused Plaintiff to be unlawfully and unreasonably imprisoned without justification.

ANSWER:    Defendant admits that Plaintiff was caused to be imprisoned.    Defendant denies the remaining allegations of paragraph 44.


45.    As a result of this misconduct, Plaintiff has suffered damages, including but not limited to emotional distress.

ANSWER:    Defendant denies the allegations of paragraph 45.


46.    The Defendant Officers' actions set forth above were undertaken intentionally, with malice and reckless indifference to Plaintiff's rights.

ANSWER:    Defendant denies the allegations of paragraph 46.


47.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, City of Markham, is liable for their actions.

ANSWER:    Defendant denies the allegations of paragraph 47


Count VI

48.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through 47 as his answer to paragraph 48 of Count VI.

49.    As described more fully in the preceding paragraphs, Defendants conspired by concerted action to accomplish an unlawful purpose by unlawful means.

ANSWER:    Defendant denies the allegations of paragraph 49.

50.    In furtherance of the conspiracy, Defendants committed overt acts and were otherwise willful participants in joint activity.

ANSWER:    Defendant denies the allegations of paragraph 50.

51.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 51.

52.    As a proximate result of Defendant Officers' conspiracy, Plaintiff suffered damages, including, but not limited to, severe emotional distress and anguish, as is more fully alleged above.

ANSWER    Defendant denies the allegations of paragraph 52.

Count VII

53.    Each of the foregoing Paragraphs is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through 52 as his answer to paragraph 53 of Count VII.

54.    In the manner described more fully above, the Defendant Officers did knowingly, intentionally, and without lawful justification intrude upon Plaintiff's premises, in which Plaintiff has a possessory interest.

ANSWER:    Defendant admits that Defendant Officers did knowingly and intentionally enter onto Plaintiff's premises in which Plaintiff has a possessory interest.  Defendant denies all remaining allegations of paragraph 54.

55.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 55.


56.    As a result of the Defendant Officers' unjustified and unlawful trespass, Plaintiff has suffered injury, including but not limited to emotional distress.

ANSWER:    Defendant denies the allegations of paragraph 56.


57.    The misconduct described in this Count was undertaken by the Defendant Officers within the scope of their employment such that their employer, City of Markham, is liable for their actions.

ANSWER:    Defendant denies the allegations of paragraph 57


Count VIII


58.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through

57 as his answer to paragraph 58 of Count VIII.


59.    In the manner described more fully above, the Defendant Officers did commit one or more crime upon Plaintiff by reason of Plaintiff's sexual orientation, thereby committing a hate crime as defined by Illinois statute.

ANSWER:    Defendant denies the allegations of paragraph 59.


60.    As a proximate result of Defendant' hate crime, Plaintiff suffered damages, including but not limited to emotional distress.

ANSWER:    Defendant denies the allegations of paragraph 60.


61.    The misconduct alleged herein was within the scope of the Defendant Officers' employment.

ANSWER:    Defendant denies the allegations of paragraph 61.

62.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 62.

<u>Count IX</u>

63.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through 62 as his answer to paragraph 63 of Count IX.

64.    In committing the acts alleged in the preceding paragraphs, the Defendant Officers were members and agents of the Markham Police Department acting at all relevant times within the scope of their employment.

ANSWER:    Defendant admits that at all relevant times Defendant Officers were members and agents of the Markham Police Department and were acting in the scope of their employment when executing the entry and search of Plaintiff's residence, the seizure of $150.00, and the arrest and detention of the Plaintiff.  Defendant denies committing the acts alleged in the preceding paragraphs were committed, consistent with his denials.

65.    Defendant City of Markham is liable as principal for all torts committed by its agents.

ANSWER:    Defendant denies the allegations of paragraph 65.

14

Count X

66.    Each of the Paragraphs in this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through 65 as his answer to paragraph 66 of Count X.

67.    Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

ANSWER:    Defendant denies the allegations of paragraph 67.

68.    The Defendant Officers are or were employees of the Markham Police Department, who acted within the scope of their employment in committing the misconduct described herein.

ANSWER:    Defendant admits that Defendant Officers are employees of the Markham Police Department.  Defendant denies the remaining allegations of paragraph 68.

Count XI

69.    Plaintiff re-alleges and incorporates each of the paragraphs of this Complaint as if restated herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through 68 as his answer to paragraph 69 of Count XI.

70.    As described more fully above, Defendants, all while acting individually, jointly, and in conspiracy, as well as under color of law and within the scope of their employment, denied Plaintiff equal protection of the law in violation of her constitutional rights.

ANSWER:    Defendant denies the allegations of paragraph 70.

71.    Said treatment of Plaintiff was motivated by gender animus and

constituted purposeful discrimination.

ANSWER:    Defendant denies the allegations of paragraph 71.


72.    This misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 72.


73.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully above.

ANSWER:    Defendant denies the allegations of paragraph 73.


74.    As a result of the above-described wrongful conduct, Plaintiff has suffered damages, including but not limited to, emotional distress and anguish.

ANSWER:    Defendant denies the allegations of paragraph 74.


<u>Count XII</u>


75.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

ANSWER:    Defendant incorporates by reference his answers to paragraphs 1 through

74 as his answer to paragraph 75 of Count XII.


76.    As described more fully above, each of the Defendants conspired, directly or indirectly, for the purpose of depriving Plaintiff of Equal Protection of the law.

ANSWER:    Defendant denies the allegations of paragraph 76.


77.    In so doing, Defendant took actions in furtherance of this conspiracy, causing injury to Plaintiff.

ANSWER:    Defendant denies the allegations of paragraph 77.

78.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of others.

ANSWER:    Defendant denies the allegations of paragraph 78.


79.    The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in the manner described more fully in preceding paragraphs.

ANSWER:    Defendant denies the allegations of paragraph 79.

WHEREFORE, Defendant DASHUN WALKER prays for Plaintiff's Second Amended Complaint to be dismissed with prejudice, for the costs of this action, for attorneys fees under 42 U.S.C. § 1988 and for such other relief as this Court deems just and equitable.


## DEFENSES

Defendant DASHUN WALKER, for his Affirmative Defenses to Plaintiff's Second Amended Complaint, without prejudice to his above and foregoing answers, and in the alternative, states as follows:

### First Defense

The Second Amended Complaint fails to state a claim upon which relief can be granted.

### Second Defense

At all times relevant to the allegations of Plaintiff's Second Amended Complaint, Dashun Walker was acting pursuant to the policies and general orders of the City of Markham Police Department, in conformance with existing statutory and case law, thereby affording him with qualified immunity from liability under 42 U.S.C. § 1983.

### Third Defense

At all times relevant to the allegations of Plaintiff's Second Amended Complaint, Dashun Walker was a public employee of the City of Markham, a municipal corporation; the entry and search of Plaintiff's residence, seizure of $150.00 and arrest and detention of Plaintiff, were acts in the execution or enforcement of law; Dashun Walker's actions were not willful and wanton conduct; Dashun Walker is therefore immune from any common-law liability to Plaintiff, pursuant to Section 2-202 of the Illinois Local Governmental and Government Employees Tort Immunity Act, 745 ILCS 10/2-202.

### Fourth Defense

At all times relevant to the allegations of Plaintiff's Second Amended Complaint, Dashun Walker was a public employee of the City of Markham, a municipal corporation; the entry and search of Plaintiff's residence, seizure of $150.00 and arrest and detention of Plaintiff were acts occurring within the scope of his public employment as a police officer, a position involving the exercise of discretion and requiring judgment; and Dashun Walker is therefore immune from any common-law liability to Plaintiff for punitive damages, pursuant to Section 2-213 of the Illinois Local Governmental and Government Employees Tort Immunity Act, 745 ILCS 10/2-213.

### Fifth Defense

At all times relevant to the allegations of Plaintiff's Second Amended Complaint, Dashun Walker was a public employee of the City of Markham, a municipal corporation; the entry and search of Plaintiff's residence, seizure of $150.00 and arrest and dentition of Plaintiff, were acts occurring within the scope of his public employment as a police

officer, a position involving the determination of policy or the exercise of discretion, and Dashun Walker is therefore immune from any common-law liability to Plaintiff pursuant to Section 2-201 of the Illinois Local Governmental and Government Employees Tort Immunity Act, 745 ILCS 10/2-201.

## Sixth Defense

At all times relevant to the allegations of Plaintiff's Second Amended Complaint, Dashun Walker acted in good faith and in accordance with the Constitution of the laws of the United States and the State of Illinois.

## Seventh Defense

Dashun Walker acted towards Plaintiff without malice and without intent to cause a deprivation of constitutional rights or other injury to Plaintiff.

## Eight Defense

Whatever injuries and damages Plaintiff may have sustained at the time and place alleged in his Second Amended Complaint were caused by, and arose out of, Plaintiff's own intentional misconduct, including his own violation of the law.

## Ninth Defense

Dashun Walker had probable cause to enter and search Plaintiff's residence, seize $150.00, and arrest and detain Plaintiff.

## Tenth Defense

The entry and search of Plaintiff's home, the seizure of $150.00, and the arrest and detention of Plaintiff were reasonable.

<u>Eleventh Defense</u>

Plaintiff's claims are barred in whole or in part to the extent that he has failed to mitigate, minimize, or avoid any damages he has allegedly sustained.

WHEREFORE, Defendant DASHUN WALKER, denies that Plaintiff is entitled to judgment against him, in any amount whatsoever; and Defendant prays for the entry of judgment in his favor, together with costs of this action, including attorneys' fees pursuant to 42 U.S.C. Section 1988.

Dated: July 7, 2008                               DASHUN WALKER,


                                        By:    /s/ Lauren M. Penn
                                               One of His Attorneys




Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280850)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 Fax

## CERTIFICATE OF SERVICE

I, Lauren M. Penn, an attorney certify that on July 7, 2008, I sent by CM/ECF a copy of Dashun Walker's Answer to Plaintiff's Second Amended Complaint to all counsel of record.

/s/Lauren M. Penn