# MARKHAM POLICE DEPARTMENT
## MARKHAM, ILLINOIS

Title:  **INFORMANTS**                        Procedure: 4.204

Date Issued:  June 4, 2004

Revised:

C.A.L.E.A.: (4)   17.4.2, 42.2.9

## PURPOSE:

To provide for the confidentiality and management of informant activity, files and funds.

## POLICY:

It is important for law enforcement agencies to recognize that the use of an informant is important to the satisfactory completion of many investigations. Equally important however is the confidential nature of informant activity, identity, files and funds. It is therefore the responsibility of this Department to ensure that rigid controls are maintained when dealing with informants, and that strict guidelines are used in the control of informant funds.

## DEFINITION:

An informant is any individual who, <u>under the direction of an officer</u>, supplies assistance or information regarding criminal activity, usually, with an expectation of some form of compensation. The informant is different from other concerned citizens who do not work under the direction of the officer or become a party to the investigation itself.

## PROCEDURE:

A.  **ADMINISTRATION**

1. The Criminal Investigations Unit supervisor is responsible for maintaining a master file of informants. The information in these files will be secured in a locked file cabinet with limited access to the Chief of Police, Criminal Investigations Unit supervisor and the informant's contact officer. A record of all informants used by this Department will be included in this master file. The Criminal Investigations

**EXHIBIT D**

Procedure #4.204

Unit supervisor is responsible for updating and ensuring that information and documentation is current and the file is properly maintained.

2. Information in these files will contain the following:

   a. Markham Police Department Confidential Informant Information Record form;
   b. photograph, <u>except juvenile</u>;
   c. fingerprint card, <u>except juvenile</u>;
   d. criminal history record;
   e. copy of case reports where the informant provided information or assistance;
   f. receipts for monies received by the informant;
   g. any correspondence relative to the informant; and
   h. a waiver form signed by the informant.

3. When an officer develops an informant he will be required to provide all the necessary documentation for the master file. The Criminal Investigations Unit supervisor will assign a confidential informant number (C.I. #) to each informant in the master file. This informant control number will be used in all reports concerning the informant to protect his identity. If necessary an alias may be assigned by the Criminal Investigations Unit supervisor for later referrals or the signing of pay receipts.

4. Officers are responsible for forwarding all reports concerning contact with their informants to the Criminal Investigations Unit supervisor, through their chain of command to initiate a new file or to update the master file. Maintenance of the file is the responsibility of the Criminal Investigations Unit supervisor. All information should be properly dated and checked for accuracy and authenticity.

B. **RESTRICTIONS**

1. Informants will sometimes offer to exchange information for immunity, leniency, or their release. These however can only be properly granted by a judge in a judicial proceeding. Neither the Department nor any member may grant any person immunity, leniency, or their release from custody. When an officer intends to intercede on behalf of an informant or potential informant in relation to any legal proceedings, supervisory approval is required. Informants or potential informants will not be made promises that prosecution will be declined or dismissed, or specific sentences received, but advised that legal authorities will be advised of their cooperation and asked to consider it in the pending legal matters in question.

101

Procedure #4.204

2. Juvenile informants <u>will not</u> be used without written permission from their parent or guardian.

3. Two (2) members of the Department must be present when working with an informant of the opposite sex.

4. The Department will not sanction or tolerate independent criminal activity on the part of any informant.

5. Informants <u>will not</u> receive money without first signing a Department receipt.

6. Officer/Informant contacts will be of a strictly professional nature. Social or business contacts are expressly prohibited.

C. **PRECAUTIONS**

1. Contacts with informants should be made by at least two (2) officers when possible and practical.

2. When a lone officer must make contact with an informant, the officer will notify his supervisor of the meeting.

3. When meeting an informant, the officer should always select the time and place.

4. Officers will, at all times, maintain control of the relationship between the officer and the informant, and the decisions on how to proceed with the investigation.

5. All contacts with informants will be documented and the report will become part of the master file. Any information relating to violations of law that would be of interest to other agencies or units of the Markham Police Department will be investigated and the appropriate notification made.

6. When using a juvenile as an informant a signed wavier must be obtained from the parent or guardian of the juvenile giving permission. The parent or guardian will be kept informed as to the specific use of the juvenile in any investigation. Officers will diligently strive to protect a juvenile informant from physical or emotional harm and will not allow the juvenile to be placed in possible danger.

7. Informants who are to participate in an undercover purchase in which he may come into contact with Department funds, controlled substances, or anything else of potential evidentiary value will be thoroughly searched both before and after the undercover encounter, and where possible kept under continuous observation

102

3

Procedure #4.204

during the undercover operation. Searches will only be conducted by officers of the same sex as the informant.

D. **INFORMANT FUND**

1. The Department's budget provides for an informant fund. These funds are strictly for payments to informants and other investigative expenses.

2. The Criminal Investigations Unit supervisor is responsible for maintaining and disbursing funds. The funds will be secured in locked cabinets accessible to only the Criminal Investigations Unit supervisor, Support Services Deputy Chief and the Chief of Police.

3. Personnel requesting funds will document their request to their supervisor and describe the following:

    a. case number or Confidential Informant number;
    b. describe the reason for the request;
    c. total funds needed and their intended use; and,
    d. personnel involved in the investigation.

4. All requests must be approved by the Criminal Investigations Unit supervisor and the Support Services Deputy Chief or the Chief of Police. The Criminal Investigations Unit supervisor is authorized to disburse funds in the case of an emergency. However, the Criminal Investigations Unit supervisor will contact the Chief of Police or the Support Services Deputy Chief as soon as possible after the emergency.

5. The Criminal Investigations Unit supervisor will maintain a ledger to record all transactions from the fund. Whenever money is disbursed the following information will be recorded:

    a. date of transaction;
    b. amount of money disbursed;
    c. name of person signing for receipt of money;
    d. reason for disbursement;
    e. confidential informant number, if applicable; and
    f. balance on hand.

6. The Criminal Investigations Unit supervisor will use the following criteria whenever funds are paid out to an informant:

    a. previous history of providing accurate information;
    b. reliability of the informant;

103

4

Procedure #4.204

      c.    type of information provided;

      d.    seriousness of the crime; and,

      e.    the probability of an arrest and conviction.

7. Informants must sign a Fund Receivable form whenever money is disbursed from the informant fund. An alias may be used by the informant if assigned by the Criminal Investigations Unit supervisor and logged on the master file. The form will then be forwarded to the Criminal Investigations Unit supervisor to be included in the informant's master file.

8. Any funds expended from the fund and not used will be returned with an explanation for the return.

9. The Criminal Investigations Unit supervisor will submit quarterly audits of the informant fund to the Chief of Police through the Support Services Deputy Chief.

10. The Criminal Investigations Unit supervisor is responsible for the continuous accounting of the fund and will submit an annual audit, in January, to the Chief of Police through the Support Services Deputy Chief summarizing all expenditures from the fund.

11. The Chief of Police, or his designee, will periodically conduct unannounced audits of this fund. The audit will:

      a.    ensure that all funds have been accounted for with accurate and clear documentation;

      b.    ensure adherence to the requirements set forth in this procedure; and,

      c.    check that proper control measures are being followed.

E. **CENSURING AN INFORMANT**

1. In the event continued use of an informant would prove to be detrimental to the goals of the Department or to the safety of its officers, or when an informant is found to be otherwise unreliable, and in the opinion of the officer, should not be used, the relationship between the informant and the Department will be terminated.

2. The officer will submit a report indicating the reasons why the informant should no longer be utilized.

104

Procedure #4.204

3. Upon receipt of this report the Criminal Investigations Unit supervisor will write the word "Censure" on the cover of the informant's master file and date and initial it.

4. The officer directly involved with the informant has the responsibility to notify any other officers, units or agencies that the informant is no longer reliable.

BY ORDER OF

CHIEF OF POLICE

105