IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6490 |
| | ) | |
| v. | ) | JUDGE DOW |
| | ) | |
| CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. Walker (Star # 526), and UNKNOWN MARKHAM POLICE OFFICERS | ) ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

## JOINT INITIAL STATUS REPORT

Plaintiff FRANKIE BROWN, by his counsel, LOEVY & LOEVY, and Defendants, CITY OF MARKHAM and City of Markham Police Officers HARRIS, and D. WALKER (Star # 526), by their attorneys, LITCHFIELD CAVO, LLP, jointly submit the following Status Report:

**A.    NATURE OF THE CASE**

Plaintiff alleges that Defendant Officers Harris and Walker, along with several unnamed Markham police officers, unreasonably entered his house and subjected him to numerous homophobic slurs, including "I'll sleep better tonight knowing there is one less fag on the street"; "He is one of those dick-in-the-booty boys"; and "What does a fag like you need with a lawyer." The Defendant Officers then made Plaintiff stand handcuffed outside his house with a police spotlight shining on him and an explicit homosexual video cover while the Defendant Officers loudly repeated the slurs to his neighbors and revealed to them the private fact that Plaintiff was HIV positive. Plaintiff alleges that this abuse continued for over an hour and was undertaken because of his sexual orientation, thereby depriving him of his right to equal protection of the law and his right to be free of unreasonable searches and seizures, as well as violating the Illinois Hate Crime statute. Plaintiff further alleges that he was falsely arrested when he was imprisoned at the Markham police station despite the fact that no contraband was


EXHIBIT F

found in his house and he committed no crime. Plaintiff has also lodged claims for several other related federal and state law claims (including a claim for the alleged theft of $150 from his person), and a *Monell* claim against the City of Markham. Defendants deny liability for any of the acts of which they are accused.

B. **Factual and Legal Issues.**

    1. **Principal Legal Issues.**

        The principal legal issues are:

        (1) Whether the Defendant Officers had probable cause to arrest Plaintiff and search his home;

        (2) Whether the Defendant Officers' detention of Plaintiff was reasonable;

        (3) Whether Plaintiff can satisfy the requirements of a policy claim under federal law as to any of Defendants' alleged constitutional violations as described in her Complaint;

        (4) Whether Plaintiff can satisfy the elements of an equal protection claim under the United States Constitution;

        (5) Whether Plaintiff can satisfy the elements of a §1983 or §1985(3) civil conspiracy claim; and

        (6) Whether Plaintiff can satisfy the elements of a claim under the Illinois Hate Crime statute.

    2. **Principal Factual Issues.**

        The principal factual issues are:

        (1) Whether the Defendant Officers had probable cause to believe Plaintiff had committed a crime or was in the act of committing a crime;

        (2) Whether the Defendant Officers had a valid search warrant to enter Plaintiff's home;

    (3)    Whether Plaintiff was indeed held outside of his home with a spotlight on him and a pornographic homosexual video cover;

    (4)    Whether the Defendant Officers used homosexual slurs when speaking to and about Plaintiff; and

    (5)    The nature and extent of Plaintiff's alleged physical and emotional injuries.

**C.**     **Settlement Discussions:**

The parties have not engaged in settlement discussions to date.

**D.**     **Discovery Taken to Date and Anticipated in the Future:**

The parties have not yet participated in any discovery. The parties anticipate that the necessary fact discovery will include written discovery as well as depositions which shall include depositions of the parties, third party witnesses, Fed.R.Civ.P. 30(b)(6) witnesses, totaling approximately fifteen to twenty depositions. The parties propose to report to the Court at the close of fact discovery regarding the scope and timing of expert discovery, if the parties determine at that time that they will be engaging in expert discovery.

**E.**     **Potential Motions to be Filed:**

Plaintiff does not anticipate filing any motions at this time.

RESPECTFULLY SUBMITTED,

/S/ Russell Ainsworth
ATTORNEYS FOR PLAINTIFF

Arthur Loevy
Jon Loevy
Russell Ainsworth
Matthew Jenkins
LOEVY & LOEVY
312 North May St.
Suite 100
Chicago, IL 60607
(312) 243-5900

/S/ Lauren Penn
ATTORNEYS FOR CITY OF MARKHAM
AND THE DEFENDANT OFFICERS

Mitchell Frazen
Lauren Penn
LITCHFIELD CAVO, LLP
303 W. Madison
Suite 300
Chicago, IL 60606
(312) 781-6618