IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CITY OF MARKHAM and City of ) <br> Markham Police Officers HARRIS D. ) <br> WALKER (Star # 526), MICHAEL ) <br> WILSON, DARRYL STARKS, JESSE ) <br> JONES, TONY DEBOIS, MAX ) <br> SAUNDERS, and UNKNOWN ) <br> MARKHAM POLICE OFFICERS, ) <br> ) <br> Defendant. ) | Case No. 07 C 6490 <br><br> Judge Robert M. Dow <br><br> Magistrate Judge Nan R. Nolan |

## CITY OF MARKHAM'S RESPONSE TO PLAINTIFF'S SECOND MOTION TO COMPEL

Defendant City of Markham, by and through its attorneys LITCHFIELD CAVO LLP and in response to Plaintiff's Second Motion to Compel hereby states as follows:

### Introduction

Plaintiff's description of the events of May 30, 2007 is not representative of what took place. Plaintiff, who has been previously arrested and convicted of a controlled substance, with intent to sell, and who has also been previously arrested and convicted of forgery, was identified to Officer Dashun Walker as a seller of cocaine. On May 29, 2007, and then again on May 30, 2007, Officer Walker conducted two controlled purchases of cocaine from plaintiff's home through the use of a confidential informant.

On May 30, 2007, Officer Dahsun Walker obtained a search warrant signed by Judge Frank Castiglione to search plaintiff's home for the presence of guns and narcotics. Later that evening several City of Markham police officers entered plaintiff's home pursuant to the warrant. Drug paraphernalia and substances, which field-tested positive for cocaine and later confirmed as cocaine by laboratory analysis, were found inside.

During the search, plaintiff was instructed to sit on his front porch while a K-9 unit was brought inside his home. A spotlight had already been focused on the front of plaintiff's home to illuminate it while the officers conducted the search. It is uncontested that the street on which plaintiff resides is very dark and plaintiff's porch light was not operational. A spot light was not focused on plaintiff, rather it was already turned on and focused on the home when plaintiff was asked to step outside. No derogatory comments about plaintiff's homosexuality or HIV-positive status were made by the officers. Further, no homosexual pornography was brought outside of plaintiff's home.

Following the search, plaintiff was transported to the Markham Police Station. The following day, and pursuant to the go-ahead from a State's Attorney, plaintiff was released without being charged pursuant to his agreement to act as a confidential informant.

Plaintiff claims emotional distress as a result of the incident. He denies that any excessive force was used against him.

### Plaintiff's Request to Produce Citizen Complaints

Plaintiff's Request to Produce No. 8 directed to the City of Markham requests that the City produce "all documents related to every Complaint alleging wrongful arrest, fabrication of evidence, failure to intervene, malicious prosecution, or witness manipulation, and whether any discipline was in fact imposed." Plaintiff seeks that the City produce these citizen complaints for the five years preceding plaintiff's acquittal. [1] This request goes beyond the issues raised by plaintiff in his Second Amended Complaint and seeks information that is not relevant to any claim or defense nor is the request likely to lead to the discovery of admissible evidence.

Plaintiff's Second Amended Complaint against the City of Markham alleges, in part, that his home was searched and he was unlawfully detained in violation of his Fourth Amendment rights. Plaintiff further alleges that as a matter of policy and practice, the City of Markham was the moving force behind plaintiff's alleged constitutional violations. Plaintiff does not allege that the City of Markham's police officers engaged in witness manipulation, failed to intervene, fabricated evidence, or that plaintiff was maliciously prosecuted; however, plaintiff seeks production of citizen complaints related to these issues. While the production of citizen complaints pertaining to wrongful arrest may be relevant to plaintiff's *Monell* claim, plaintiff's request for the production of complaints unrelated to plaintiff's claim that his home was illegally searched and he was unlawfully detained are not relevant. Discovery should be focused and limited to

---

[1] Plaintiff was never acquitted. He voluntarily agreed to become a confidential informant for the City of Markham and was not charged with possession of a controlled substance.

3

the issues at hand. Unless it is reasonably calculated to lead to the discovery of evidence relative to that issue, it should be prohibited. A request for citizen complaints filed against every officer of the City of Markham for the past five years that do not in any way pertain to the issues of plaintiff's complaint is irrelevant, overbroad and unduly burdensome.

Plaintiff cites three cases, *Garcia v. City of Chicago,* 2003 WL 21175618 (N.D.Ill. Sept. 19, 2003); *Kindle v. City of Harvey,* 2002 WL 230779 (N.D.Ill. Feb. 15, 2002) *Robinson v. City of Harvey*, (2001 WL 138901 (N.D.Ill. Feb. 16, 2001) in which his counsel litigated *Monell* claims and seeks to use these cases to support his contention that the City should be required to produce citizen complaints for alleged misconduct not similar to the issues raised by plaintiff in his Second Amended Complaint. None of these cases stand for such a proposition and are easily distinguishable.

In each of the cases cited by plaintiff, evidence of citizen complaints were produced *as they related to excessive force* to support the plaintiffs' *Monell* claims that it was the defendant municipalities' policies and practices that deprived the plaintiffs of their right to be free of the use of excessive force. *See Garcia v. City of Chicago,* 2003 WL 21175618 at 4; *Kindle v. City of Harvey,* 2002 WL 230779 at 4; *Robinson v. City of Harvey*, (2001 WL 138901) at 7. There is not even a hint that prior citizen complaints unrelated to excessive force, and not similar to the constitutional violations alleged by the plaintiffs, were required to be produced.

4

In *Shields v. City of Hammond*, 2007 WL 271694 (N.D.Ind., Jan. 25, 2007), this plaintiff's counsel filed a similar motion to compel seeking that the City of Hammond produce "all documents relating to every Complaint alleging misconduct by officers of the Hammond Police Department, whether any discipline was in fact imposed." *Id.* at 1. Plaintiff's complaint against the City of Hammond alleged false arrest, excessive force, and failure to intervene. *Id.* The City of Hammond objected to the request as overbroad, unduly burdensome, and not calculated to lead to the discovery of admissible evidence. *Id.* The Court found that "in order to avoid an undue burden on the City and to ensure that the records sought were relevant to the issues related to the incident involving Plaintiff...the scope of response shall be limited to complaints that allege or relate to excessive force..." *Id.* at 2. The Court did not require the City of Hammond to produce citizen complaints as they relate to any other issue.

In line with the Court's ruling in *Shields*, the City asks this Court to sustain defendant's objection to the plaintiff's Request for Production No. 8, which seeks prior citizen complaints against City officers not similar to the issues raised by plaintiff. Requiring the City to examine all files maintained on every officer for the past five years to identify citizen complaints alleging malicious prosecution, witness manipulation, failure to intervene, and fabrication of evidence are unduly burdensome, particularly in light of the irrelevance of these complaints to plaintiff's allegations.

Plaintiff brings to the Court's attention eight lawsuits filed again the defendant officers in support of his statement that his *Monell* claim against the

City is "particularly compelling given the track record of the Markham police department." Plaintiff's citation to these lawsuits is misleading in that four of the eight lawsuits were filed against the City of Harvey, <u>not</u> the City of Markham. Furthermore, plaintiff's mere recitation of four lawsuits, which are claims of excessive force, and not at all similar to the allegations of plaintiff's complaint are merely conclusory in determining whether a *Monell* claim exists against the City. See *Thomas v. City of Chattanooga*, 398 F.3d 426 (6th Cir. 2005).

Should this Court decide that plaintiff's request for citizen complaints pertaining to malicious prosecution, fabrication of evidence, failure to intervene and witness manipulation are relevant, the City asks that this Court limit the time-span for this request from five years to two years.

<u>Plaintiff's Request to Produce the Financial Information of Officers Samuel Harris and Dashun Walker</u>

Counsel for the parties have reached an agreement relative to this issue, and therefore, plaintiff has withdrawn his request that Officers Harris and Walker be compelled to produce their financial information.

<u>Conclusion</u>

Plaintiff fails to show how citizen complaints as they pertain to malicious prosecution are relevant or can lead to the discovery of admissible evidence. Plaintiff was not charged in this case. By the same token, as there is no allegation that the officers fabricated any evidence, manipulated witness, or failed to intervene, discovery into citizen complaints as they pertain to these issues is irrelevant and overbroad. The City requests this Court deny plaintiff's motion for

production of prior citizen complaints unrelated to plaintiff's claims as set forth in his Second Amended Complaint.

WHEREFORE, Defendant City of Markham requests that Plaintiff's second motion to compel be denied.

Dated:  July 16, 2008                    CITY OF MARKHAM,


                                         By:   /s/  Lauren Penn
                                              Lauren M. Penn
                                              LITCHFIELD CAVO LLP
                                              Its Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280850)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 Fax