IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | | |
|---|---|---|
| FRANKIE BROWN, | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6490 |
| | ) | |
| v. | ) | JUDGE DOW |
| | ) | |
| CITY OF MARKHAM and City of Markham Police Officers HARRIS, D. Walker (Star # 526), and UNKNOWN MARKHAM POLICE OFFICERS | ) ) ) ) ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**PLAINTIFF'S REPLY IN SUPPORT
OF HIS SECOND MOTION TO COMPEL**

Plaintiff FRANKIE BROWN, by his counsel, LOEVY & LOEVY, submits the following Reply brief in support of his Second Motion to Compel Defendant City of Markham to produce similar citizen complaint files as those lodged by Plaintiff in this case:

**Introduction**

The only objection raised by Defendant is relevancy. Because these documents are undeniably relevant to Plaintiff's *Monell* claims, and contain the only means by which he can prove those claims, Defendant's objection should be overruled.

As stated in Plaintiff's opening brief, Plaintiff requires these documents so that he may examine whether Markham is overseeing its officers, or whether it is turning a blind eye, leading its officers to violate Plaintiff's rights without fear of discipline.

### Citizen Complaints of Wrongful Arrest

As an initial matter, the parties agree that citizen complaints pertaining to wrongful arrest "may be relevant to Plaintiff's *Monell* claim." Response at 3. Defendant makes no argument as to why complaints pertaining to wrongful arrest should not be produced. Defendants do not contend this point because they have no valid argument to make.

For the remainder of Plaintiff's request, Defendant argues that because Plaintiff's Second Amended Complaint does not allege separate counts for malicious prosecution, failure to intervene, fabrication of evidence, or witness manipulation. This argument is easily dismissed.

### Citizen Complaints of Malicious Prosecution

Plaintiff included a request for complaints of malicious prosecution because those complaints include the imposition of criminal charges without probable cause. Practically speaking, these complaints are very similar to false arrest complaints. However, because some persons might be charged without being arrested, Plaintiff included the request for malicious prosecution complaints to capture that category of complaints, which are nevertheless relevant to one of Plaintiff's central claims: that he was falsely arrested for crimes he did not commit.

Likewise, Plaintiff included a request for complaints of fabrication of evidence because he alleges that the narcotics supposedly found in his home were planted there by the Defendant Officers. Unless Markham concedes that no evidence of a crime was

legitimately found inside his home, the existence of fabricated evidence will remain an issue in this case.

In essence, Plaintiff is claiming that the way in which he was falsely arrested was through the fabrication of evidence. Accordingly, citizen complaints regarding evidence fabrication are relevant to Plaintiff's claims that the Defendant Officers violated his constitutional rights by falsely arrested him based on fabricated evidence.

### Citizen Complaints of Failure to Intervene

In an effort to compromise, Plaintiff will agree to limit his Request to citizen complaints of failure to intervene in situations of false arrest or wrongful search. This will limit the complaints to those topics which Defendant have conceded are relevant to Plaintiff's *Monell* claims, and reveal information regarding similar incidents in which members of the Markham police department allegedly violated the rights of citizens.

### Citizen Complaints of Witness Manipulation

In this suit, Defendants claim that they relied on an as-yet unnamed Confidential Source for their probable cause to believe that evidence of a crime was contained inside Plaintiff's home. Plaintiff, however, maintains that he never sold any narcotics to any person, confidential or not.[1] Accordingly, if there is actually someone willing to falsely accuse Plaintiff of selling narcotics, Plaintiff maintains that that person was manipulated

---

[1] In an effort to try to muddy Plaintiff, Defendant references Plaintiff's 1994 drug conviction, for which he received probation. Since that time, Plaintiff has testified that he has never sold any type of narcotic and, until the date of the events at issue here, had never so much as been arrested for selling drugs.

by the Defendants.² Plaintiff, therefore, requires documents relating to allegations of witness manipulation to determine whether these acts have been alleged and the Department's response thereto.

### Five Years Is An Appropriate Sample

Plaintiff's Request seeks five years of citizen complaint files. Defendant maintains, without reasoned argument, that the Request should be narrowed to two years. Plaintiff requested five years of files because that timespan typically strikes a balance between providing an adequate sample without overburdening the municipality.

Defendant does not identify how many files would be responsive to this request or how burdensome the request would be. Without that information, Plaintiff is hard pressed to determine whether a shorter timespan would be appropriate in this case. In attempting to compromise with Defendant before bringing this Motion, Plaintiff made several offers to reduce the timespan if Defendant would stipulate that it would not argue that Plaintiff's expert did not have enough data from which to reach conclusions regarding Markham's disciplinary system based on the shorter timespan (and the resulting smaller number of files). Absent that stipulation, Plaintiff cannot agree to any timespan shorter than five years.

Furthermore, Markham's police force is quite small compared with, for example,

---

² Plaintiff's First Motion to Compel lays out Plaintiff's claim that the Confidential Source does not actually exist. Plaintiff's argument here that the informant was manipulated is an alternative argument.

neighboring Harvey. It may be that the number of responsive files from two years will be an insufficient sample size for Plaintiff's expert to reach any conclusions. Without knowing how many responsive files there are, Plaintiff is reluctant to reduce the scope of his Request below five years.

## Conclusion

For the reasons stated above, Plaintiff respectfully requests that this Court grant his Second Motion to Compel.

Respectfully Submitted,

___Russell Ainsworth_____

Arthur Loevy
Jon Loevy
Russell Ainsworth
Loevy & Loevy
312 N. May St., Suite 100
Chicago, IL 60607
(312) 243-5900

## Certificate of Service

_____I, Russell Ainsworth, an attorney, certify that on July 22, 2008 I served this Reply brief by electronic means to all counsel of record.

___Russell Ainsworth_____