IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| FRANKIE BROWN, ) | |
| ) | |
| Plaintiff, ) | Case No. 07 C 6490 |
| ) | |
| v. ) | Judge Robert M. Dow |
| ) | |
| CITY OF MARKHAM and City of ) | Magistrate Judge Nan R. Nolan |
| Markham Police Officers HARRIS D. ) | |
| WALKER (Star # 526), MICHAEL ) | |
| WILSON, DARRYL STARKS, JESSE ) | |
| JONES, TONY DEBOIS, MAX ) | |
| SAUNDERS, and UNKNOWN ) | |
| MARKHAM POLICE OFFICERS, ) | |
| ) | |
| Defendants. ) | |

## CITY OF MARKHAM'S SUR-RESPONSE TO PLAINTIFF'S MOTION TO COMPEL

Defendant City of Markham, by and through its attorneys LITCHFIELD CAVO LLP and for its Sur-Response to Plaintiff's Motion to Compel disclosure of the City's confidential informant states as follows:

Plaintiff argues in his Reply that the Confidential Informant Privilege must yield in this case because Plaintiff emphatically denies the existence of the Confidential Informant. Such an argument should not be entertained by this Court. If the standard for compelling disclosure of a confidential informant was a mere denial of the informant's existence by a criminal suspect or by a plaintiff in a civil rights action, then the Confidential Informant Privilege would be completely eradicated and rendered meaningless. This, of course, is not the standard and the law is clear that the City has a right against the disclosure of a confidential informant and such a right yields only to a showing by the Plaintiff that his need for the information outweighs the City's right. In cases where the Plaintiff

challenges the existence of the informant, the Plaintiff must make a showing that there exists a considerable amount of evidence to suggest that the informant did not exist. *See Hampton v. Hanarhan*, 600 F.2d 600 (7th Cir. 1979).

In the instant case, Plaintiff's "evidence" is either mischaracterizations of Officer Walker's testimony or red herrings to detract this Court's attention away from the fact that there is not a considerable amount of evidence to suggest the Informant was fabricated. To the contrary, there is evidence confirming the existence of the informant.

### I. There is Ample Evidence In the Record To Suggest That The Informant Exists

Plaintiff in his Reply seeks to paint a picture that no one came to his home on either May 29, 2007 or May 30, 2007 to purchase narcotics; however, this is incorrect and the City is quite surprised that Plaintiff is maintaining the informant does not exist. Plaintiff admits that on May 29, 2007, an unknown individual did, in fact, come to his home and attempt to purchase narcotics and he testified to this in his deposition.

> Q. On May 29, 2007, did anybody come to your home and attempt to purchase cocaine?
> A. Yes.
> Q. Who came to your home?
> A. I don't know the guy.

*See* Ex. A, pages 22-24.

Despite the fact that an unknown individual came to his home to purchase narcotics, Plaintiff still has the boldness to claim that Officer Walker fabricated the Confidential Informant. Plaintiff would ask this Court to believe that the fact

2

that an individual who appeared at his house, asked for Plaintiff by name and attempted to purchase narcotics from him on the same day that Officer Walker was conducting a controlled narcotics purchase from Plaintiff through the use of the informant was nothing more than a mere coincidence. This, however, is a curiously strong coincidence, one that lends support to the fact that the Confidential Informant does exist.

Further, aside from Plaintiff's confirmation that an individual did come to his home on the date that Officer Walker was conducting the controlled narcotics purchase, the Confidential Informant's existence can be independently corroborated through the use of the Informant Receipt of Funds which was <u>signed</u> by the Informant, but whose signature has been redacted. *See* Ex C and Ex. D to the City's Response, and incorporated herein by reference. Plaintiff argues that because the Informant Receipt of Funds does not state the purpose for which the Informant received the funds, this is somehow "evidence" that the Informant was fabricated; however, plaintiff completely discounts the fact that the monies given to the Confidential Informant were documented by Officer Walker through the Receipt of Funds and these Receipt of Funds were signed by the Informant on the same days that Officer Walker conducted the controlled purchases of narcotics from Plaintiff's home. Clearly, if the Informant was fabricated by Officer Walker, there would not be two documents in existence, that bear the Informant's signature, and confirming his receipt of money for the purchase of evidence.

    II.    <u>Plaintiff Fails to Present Any Competent Evidence that Officer Walker Fabricated The Informant</u>

In his Reply, Plaintiff provides pieces of "evidence" to support his contention that Officer Walker fabricated the informant; however, these pieces of "evidence" are either mischaracterizations of the evidence or red herrings designed to detract this Court from the fact that no evidence exists to suggest that the Informant was fabricated.

Plaintiff contends that his first piece of "evidence" is the fact that the "Confidential Informant gave [Officer Walker] information about Plaintiff being a drug dealer, [yet Officer Walker] did not document that information anywhere." Reply pg. 4. Plaintiff relies on Officer Walker's deposition testimony at pages 53 and 54 to support this assertion; however, Plaintiff mischaracterizes Officer Walker's testimony. Officer Walker was discussing an arrestee that provided information on Frankie Brown, not the Confidential Informant. *See* Ex. B, page 47, 50-53. Plaintiff's citation, therefore, to the City of Markham's policy concerning confidential informants is inapposite.

More specifically, Officer Walker testified that an arrestee informed him that Plaintiff was selling narcotics. *Id.* Officer Walker informed his supervisor of what the arrestee had said and was then instructed to determine whether the information provided by the arrestee was bona fide. *Id.* Officer Walker did just that; he enlisted the use of the Confidential Informant to make two controlled drug purchases from Plaintiff. *Id.*

Plaintiff fails to establish how Officer Walker, in not documenting a statement made by an arrestee, who was not the Confidential Informant, and whose statement did not form the basis of the Search Warrant, is "evidence" that Officer Walker fabricated the Confidential Informant.

4

Plaintiff also relies on Officer Walker's deposition testimony at page 103 as further "evidence" that Officer Walker fabricated the Confidential Informant. Again, Plaintiff mischaracterizes Officer Walker's testimony. Officer Walker did not testify that documents were not created; rather, he testified that following the May 29, 2007 purchase of narcotics from Plaintiff, he inventoried the drugs and created an inventory sheet. *See.* Ex. C., pages 102-103. He then documented the transaction and what was told to him by the informant by completing the first page and then the first paragraph of the second page of the Search Warrant Complaint. *Id.*

Plaintiff's contention that there is no written corroboration of Defendant Walker's claims could not be further from the truth. Officer Walker conducted two controlled purchases of narcotics from plaintiff's home through the use of a Confidential Informant. On each day, he provided the Confidential Informant with $20 to purchase the cocaine and had the Informant sign a document indicating his receipt of those funds. Following each of the purchases of cocaine by the informant, Officer Walker inventoried the cocaine obtained from plaintiff *See* Ex. D and documented the statements made along with the transactions that occurred in a Search Warrant Complaint. He then swore to those statements. There is more than enough written corroboration to support Officer Walker's claims.

To further cloud the issue and detract this Court from the fact that Plaintiff does not have any evidence to support his claim that the Informant was fabricated, Plaintiff argues that because he was not charged with a crime, this

5

should be considered as credible evidence of the fabrication. The City's response can be summed up in one word, "how?"

As has been argued *ad nauseam*, Plaintiff was not charged with a crime because he agreed to become a confidential informant. Plaintiff cites the City of Markham's policy concerning the release of an informant in exchange for information; however, Plaintiff chooses to completely ignore the fact that Officer Walker was given permission by Assistant State's Attorney Jamie Voigt to release the Plaintiff without charging him in lieu of Plaintiff's agreement to act a confidential informant. As discussed by Officer Walker in his deposition:

> Q. And tell me what you said to Jamie Voight and what Jamie Voight said to you.
>
> A. I advised her of the circumstances of the search warrant of the person taken into custody, and what was recovered, and I advised her that the - -the person was willing to cooperate and work as an informant.
>
> Q. Yes.
>
> A. And I asked her if it was required to bring him before her and a judge, because that was our departmental policy. She informed me that unless it was a conspiracy case, judge's approval was not required, and that as far as the State's Attorney's Office is concerned, any arrestee that the police department takes into custody, if they are willing to cooperate, you don't have to charge them right then.

See Ex. F, pages 159-162.

It is still clear from both Plaintiff's Motion and his Reply that he is still on a fishing expedition to determine the identity of the informant. Plaintiff denies that the informant exists and then relies on mischaracterizations and red herrings to support this statement. He does not provide credible evidence to suggest that

Officer Walker fabricated the informant, rather he chooses to ignore all of the competent evidence suggesting the informant exits.

Plaintiff claims that the City's argument that Plaintiff's Second Amended Complaint did not contain any allegations that the officers falsified information is a "red herring" because "Plaintiff had no idea why officers were bursting into his home." Reply pg. 7. Plaintiff filed a Second Amended Complaint following written discovery and numerous depositions. At the time of the filing of the Second Amended Complaint, all of the information was known to him, yet he still did not include an allegation that the officers falsified information.

It is interesting that the Plaintiff in his Reply is now "challenging the existence of the confidential informant, rather than the reliability of any information he supposedly learned..." Reply pg. 3. In his Motion to Compel Plaintiff, does challenge the reliability of the information provided by the Informant and, in fact, argues that the City's exercise of its right to protect disclosure prevents Plaintiff from "conduct[ing] discovery into whether it was reasonable to have relied on this purported information." Motion to Compel pg. 3.

## Conclusion

Plaintiff seeks to have this Court believe that Officer Walker, for no apparent reason, fabricated a confidential informant and fabricated the two controlled drug purchases of cocaine from Plaintiff's home. Plaintiff further seeks to have this Court believe that Officer Walker also created two false Informant Receipt of Funds and either signed it himself using a false name or had another individual sign it using a false name. Officer Walker then obtained cocaine from

7

another source, claimed it was obtained from the controlled drug purchases from plaintiff' home and inventoried that cocaine. Officer Walker then falsified a Search Warrant Complaint and lied under oath as to the facts contained in that Complaint. He then enlisted the aid of numerous City of Markham officers to execute a search warrant of Plaintiff's residence. Once inside the home, cocaine and drug paraphernalia were planted by the City of Markham officers so that Plaintiff could be taken to Markham Police Department only to be released without being charged. Such an argument flies in the face of reason.

Plaintiff does not provide any competent evidence, other than his own denials, to suggest that the Informant was fabricated. The "evidence" that Plaintiff does provide are either mischaracterizations of Officer Walker's testimony or utterly irrelevant to the issue of the existence of the Informant. Plaintiff completely fails to present considerable amount of evidence that the Informant does not exist and, therefore, does not meet his burden to show that the disclosure of the informant outweighs the City's right to protect his identity.

WHEREFORE Defendant City of Markham requests that this Court deny Plaintiff's Motion to Compel Disclosure of the Confidential Informant.

Dated: July 22, 2008                    CITY OF MARKHAM,


                                        By:   /s/ Lauren Penn
                                              Lauren M. Penn
                                              LITCHFIELD CAVO LLP
                                              Its Attorneys

Mitchell H. Frazen (A.R.D.C. No. 3127119)
Lauren M. Penn (A.R.D.C. No. 6280850)
LITCHFIELD CAVO LLP
303 West Madison, Suite 300
Chicago, Illinois 60606-3309
(312) 781-6618
(312) 781-6630 Fax

## CERTIFICATE OF SERVICE

I, Lauren M. Penn, an attorney certify that on June 24, 2008, I sent by CM/ECF electronic filing the City of Markham's Response to Plaintiff's Motion to Compel.

___/s/ Lauren M. Penn___