159

1     informants?

2        A   Yes, I am.

3        Q   Okay.  And were you aware at the time that

4     you went into Frankie Brown's house of the

5     procedures with respect to informants?

6        A   Yes, I was.

7        Q   And is it your belief that you acted

8     consistent with the procedures?

9        A   Yes, I did.

10       MR. LOEVY:  Okay.  Let's mark this as Exhibit 2,

11    please.

12          (Walker Exhibit Number 2 marked as requested)

13       MR. LOEVY:  Q   Calling your attention to page

14    two, number 101, the paragraph under restrictions.

15    Do you see it?

16       A   Uh-huh.

17       Q   Neither the -- and I'm reading this sentence

18    to you, neither the department nor any member may

19    grant any person immunity, leniency, or their

20    release from custody.  When an officer intends to

21    intercede on behalf of an informant or potential

22    informant in relation to any legal proceedings,

23    supervisory approval is required.  Informants or

24    potential informants will not be made promises that


EXHIBIT F

1      prosecution will be declined or dismissed, or
2      specific sentences received, but advised that legal
3      authorities will be advised of their cooperation and
4      asked to consider it in the pending legal matters.
5              Now, am I correct in saying that you told
6      Frankie Brown that he would not be charged if he
7      would be an informant?
8          A   Yes, I did.
9          Q   And it's your understanding that you had the
10     authority with the subject, as to the approval of
11     the deputy chief, to tell him that?
12         A   Yes, I did.
13         Q   You didn't seek the permission of a State's
14     Attorney for that?
15         A   Yes, I did.
16         Q   You did seek the permission of a State's
17     Attorney?
18         A   Yes, I did.
19         Q   Okay.  And what was the name of the State's
20     Attorney that you talked to concerning --
21         A   Jamie Voight.
22         Q   -- concerning releasing Frankie Brown so
23     that Frankie Brown could be an informant?
24         A   ASA Jamie Voight, V-o-i-g-h-t.

1   Q   Okay. When did you speak to Ms. Voight?
2   A   On the 31st.
3   Q   After Frankie Brown was in custody, correct?
4   A   Correct.
5   Q   Did you call her?
6   A   Yes, I did.
7   Q   And tell me what you said to Jamie Voight
8   and what Jamie Voight said to you.
9   A   I advised her of the circumstances of the
10  search warrant of the person taken in custody, and
11  what was recovered, and I advised her that the --
12  the person was willing to cooperate and work as an
13  informant.
14  Q   Yes.
15  A   And I asked her if it was required to bring
16  him before her and a judge, because that was our
17  departmental policy. She informed me that unless it
18  was a conspiracy case, judge's approval was not
19  required, and that as far as the State's Attorney's
20  Office is concerned, any arrestee that the police
21  department takes into custody, if they are willing
22  to cooperate, you don't have to charge them right
23  then.
24  Q   You can charge them later did she say?

1    A   Right. She said, see if -- see if the
2  information he's giving you is credible. If he's --
3  if he's going to work with you, then fine. If he
4  doesn't work with you or he wants to cause a
5  problem, then go ahead and charge him.
6    Q   Did you call Ms. Voight from the police
7  station?
8    A   Yes, I did.
9    Q   What phone did you use in the police
10  station?
11    A   I don't know exactly which phone I used.
12    Q   Was it your phone from your desk?
13    A   I'm not certain. I don't know if I was at
14  my desk or if at -- I was using one of the
15  detective's desks.
16    Q   Did you get her on the first call? Did you
17  get her on the first call?
18    A   No. We have to call the -- because by it
19  being afterhours, we have to call felony review and
20  then felony review pages her and she calls us back.
21    Q   And is that what you did?
22    A   Yes, I did.
23    Q   And Ms. Voight called you, as far as you
24  know, in response to a page, correct?