## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | Nan R. Nolan |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6490 | **DATE** | 8/5/2008 |
| **CASE TITLE** | Frankie Brown, et al vs. City of Markham, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's Second Motion to Compel [#37] is granted as described herein.

■[ For further details see text below.]     Notices mailed by Judicial staff.

### STATEMENT

The only remaining issue regarding Plaintiff's Second Motion to Compel is the proper scope of his request for discovery regarding his Monell claims. Plaintiff seeks to discover "all documents related to every complaint alleging wrongful arrest, fabrication of evidence, failure to intervene, malicious prosecution, or witness manipulation, and whether any discipline was in fact imposed." Defendant City of Markham ("Markham") opposes plaintiff's request for citizen complaints pertaining to fabrication of evidence, failure to intervene, malicious prosecution, and witness manipulation on the ground that this request goes beyond the issues raised in the Second Amended Complaint and seeks information that is not relevant to any claim or defense nor is likely to lead to the discovery of admissible evidence. Markham's objections are overruled.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . For good cause, the court may order discovery of nay matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). A court can limit discovery if the burden or expense of the proposed discovery outweighs its likely benefit. Fed. R. Civ. P. 26(b)(2)(C)(iii). Magistrate judges are granted broad discretion in addressing and resolving discovery disputes. Weeks v. Samsung Heavey Indus., Co., Ltd., 126 F.3d 926, 943 (7th Cir. 1997).

The citizen complaint discovery plaintiff seeks is relevant to his Monell claims and thus, discoverable. Plaintiff's Second Amended Complaint alleges false arrest. Plaintiff analogizes a false arrest complaint to one for malicious prosecution because complaints for malicious prosecution include the imposition of criminal charges without probable cause and some persons might be charged without being arrested. Because lack of probable cause is an element of both false arrest and malicious prosecution (Mannoia v. Farrow, 476 F.3d 453, 459 (7th Cir. 2007)), citizen complaints of malicious prosecution are relevant to Plaintiff's Monell claim against Markham that is based on the alleged false

**STATEMENT**

arrest. Citizen complaints of fabrication of evidence are also relevant to Plaintiff's <u>Monell</u> claim. Plaintiff alleges that his arrest was without justification because he committed no crime and the officers found nothing illegal during the search of his residence. Plaintiff further alleges that the narcotics supposedly found in his home were planted there by the defendant officers. The alleged existence of fabricated evidence is thus relevant to Plaintiff's claims.

Plaintiff has limited his request for citizen complaints of failure to intervene to situations involving false arrest or wrongful search. Plaintiff's limitation is sufficiently tailored to the claims in his Second Amended Complaint. Lastly, Plaintiff contends that his request for citizen complaints of witness manipulation are relevant to his claims. Plaintiff denies that he sold narcotics to any person. He further denies that a confidential informant exists. If someone is willing to testify that Plaintiff sold him narcotics, Plaintiff alternatively contends that person was manipulated by defendants. In light of this explanation, citizen complaints of witness manipulation are relevant to this litigation.

Markham objects, without any meaningful argument, to the five year temporal limitation proposed by Plaintiff. Markham seeks a two year time limit on <u>Monell</u> discovery. Markham has the burden of justifying its objections. Because Markham has not included a specific argument justifying a two year time limit and a five year time period is not unreasonable on its face, Markham's objection is overruled.