*H H N*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| **FRANKIE BROWN** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **Case No. 07 C 6490** |
| **v.** ) | |
| ) | **Magistrate Judge Nan R. Nolan** |
| **CITY OF MARKHAM,** *et al.* ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

This civil rights action challenges the constitutionality of the search of Plaintiff Frankie Brown's ("Brown") home and his subsequent arrest. A discovery dispute has developed over Brown's request for the identity of a City of Markham confidential informant. For the following reasons, Brown's Motion to Compel [#22] is denied.

## FACTS

Brown claims that on May 30, 2007, City of Markham police officers illegally searched his home and falsely arrested him. Brown alleges, among other things, that during the search of his home, the defendant officers subjected him to numerous homophobic slurs and revealed his HIV+ status to others. The defendant officers seized $150.00 from Brown's home during the search which has not been returned to him. After being held at the police station overnight, Brown was released without being charged with a crime.

Defendants contend that the defendant police officers had probable cause to enter and search Brown's residence, seize $150.00, and arrest and detain Brown. Defendants say the officers had probable cause to believe that Brown had committed a crime or was

in the act of committing a crime involving possession of cocaine and a firearm and ammunition. Defendants further say that they had a valid search warrant to enter Brown's home. Defendants deny that the defendant police officers made derogatory comments regarding Brown's sexual orientation and HIV+ status. Defendants contend that the search of Brown's home revealed, among other things, three plastic bags containing suspect narcotics and a white plate containing a white powdery substance and three razors.

## DISCUSSION

"[T]he informer's privilege is in reality the Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Rovario v. United States, 353 U.S. 53, 59 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in law enforcement." Dole v. Local 1942, IBEW, 870 F.2d 368, 372 (7th Cir. 1989). "The underlying concern of the doctrine is the common-sense notion that individuals who offer their assistance to a government investigation may later be targeted for reprisal from those upset by the investigation." Id.

The informer's privilege applies in civil as well as criminal proceedings. Hampton v. Hanrahan, 600 F.2d 600, 637 (7th Cir. 1979). The privilege is qualified, not absolute. Dole, 870 F.2d at 372. Therefore, "[w]here the disclosure of an informer's identity . . . is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Rovario, 353 U.S. at 60-61. Brown may thus overcome the privilege "upon showing his need for the information outweighs the government's entitlement to the privilege." Dole, 870 F.2d at 373. The Seventh Circuit

-2-

has cautioned that the "assertion of informer's privilege by a law enforcement official defending against a civil suit for damages based on his own alleged official misconduct should be scrutinized closely." Hampton, 600 F.2d at 638.

In support of his argument that disclosure of the confidential informant's identity should be required in this case, Brown raises three main arguments: (1) the information regarding the informant's identity is at the "very heart of the case;" (2) the use of the informant is "suspect"; and (3) defendants have not shown that there is a risk that disclosure would cause any harm.[1] Balancing the government's entitlement to assert the privilege against Brown's asserted need for the informant's identity, the Court concludes Brown is not entitled to the informant's identity.[2]

## A.    Brown's Need for the Informant's Identity and Testimony

Brown has failed to meet his burden of showing that his need for disclosure outweighs the City's limited entitlement to protect the identity of the informant. Brown argues that the identity of the confidential informant is "at the very heart of the case" because the search warrant complaint lists no probable cause other than what the

---

[1] Brown also asserts that defendants have waived the informer's privilege, but he has waived any waiver argument by failing to support or develop his waiver argument in any meaningful way. See Doc. #22 at 5.

[2] In the alternative, Brown argues that should the disclosure of the informant be denied during discovery, the defendants should not be allowed to rely on what the informant said and did. Whether defendants should be allowed to use the confidential informants' information at trial is beyond the scope of the referral. (Dkt # 39, June 23, 3008). Defendants are presumably aware of the possible consequences of the successful assertion of the privilege. See Manning v. Buchan, 357 F.Supp.2d 1036, 1046-50 (N.D. Ill. 2004). The parties may present to the district court any arguments regarding the use of information from the confidential informant at trial in a motion in limine at the appropriate time.

confidential informant told Officer Walker.  Brown also asserts that the Confidential Informant's "tip" that he had purchased narcotics from Brown at his house is the "sum total of probable cause listed in the Complaint."  Doc. #22 at 2-3.

Brown's description of the information which formed the basis of the search warrant is incomplete.  The search warrant complaint also states that this particular informant had been known to Officer Walker and other officers for a year and had assisted in other drug related cases in which narcotics and weapons had been seized.  The complaint explains that the informant had known Brown for the past four years and during that time, had known Brown to keep cocaine and firearms inside his home.  The complaint additionally indicates that the informant had been in Brown's residence on two other occasions within the last month and had seen packaged cocaine and a firearm.

The information the informant told Officer Walker was not the sole source of substantive information supporting the search warrant.  The complaint also describes two controlled drug buys set up by Officer Walker in which the confidential informant purchased drugs from Brown at his residence.  The precise procedure used to conduct the two controlled buys was explained in detail in the complaint for search warrant.  Officer Walker stated that he searched the informant before the buys, he watched the informant go into Brown's residence (a one story single family residence), and then the informant met Officer Walker at the predetermined location and turned over cocaine he did not have with him when he met Brown.  The complaint further states that Officer Walker knew that Brown had a prior conviction for felony unlawful possession of a controlled substance.  Officer Walker indicated that he had received numerous complaints concerning cocaine being

-4-

sold from Brown's residence and that he had been conducting a narcotic investigation regarding Brown for the past 6 months.

The current record does not demonstrate that the identity of the confidential informant is essential to determining probable cause. As detailed above, Officer Walker did not rely entirely on the Informant's statements as a basis for his belief that Brown had committed a crime. The search warrant complaint was based primarily upon Officer Walker's arrangement and surveillance of two controlled drug buys through the use of the confidential informant. Brown can adequately challenge whether defendants had probable cause to search his home without knowing the identity of the informant because the confidential informant is not the only person with knowledge of the information contained in the search warrant complaint. Brown can testify on his own behalf. Brown has already deposed Officer Walker. Brown can depose Officer Debois who also participated in surveillance of the controlled buys from Brown's residence.

Brown complains that the officers did not personally observe the alleged controlled buys. Being outside the house in which the alleged transactions took place, it is true that the officers did not see Brown hand over the drugs. The officers were present, however, in the area before, during, and after the controlled buys. Brown is free to challenge whether the control measures in place at the buys were sufficient to support a finding of probable cause for the search warrant, but the officers' failure to personally observe the controlled buys is insufficient to require Markham to reveal the identity of its confidential informant.

**B.    Existence of Informant**

-5-

Brown also asserts in his motion that "there is considerable evidence the police are lying." Doc. # 22 at 5. In his reply, Brown contends that Officer Walker fabricated the existence of a confidential informant to justify the search of his home. Brown says the supposed controlled drug transactions are a complete fabrication by Defendant Walker. Brown denies that any confidential informant "entered his home at any time, and specifically denies that anyone trying to purchase drugs entered his home on the dates Walker claims." Doc. #58-2 at 5-6. Brown suggests that defendants are "playing fast and loose with 'confidential' informers" by "accusing persons of criminal activity and hiding behind phantom 'confidential informants' to insulate themselves from being held accountable for their actions." Doc. #22 at 9-10.

Brown relies on the following evidence to support his claim that the informant did not exist: (1) Brown's denial that any confidential informant entered his home and tried to buy drugs on either May 29, 2007 or May 30, 2007; (2) defendants' failure to charge Brown with a crime; (3) Brown's denial that he agreed to act as a confidential informant in lieu of being charged with a crime; (4) Officer Walker's failure to document information Brown supposedly provided regarding crimes by other citizens; (5) Brown's assertion that his release without being charged with a crime due to his agreement to act as a confidential informant is inconsistent with the Markham Police Department's General Order; (6) Officer Walker's failure to document information the confidential informant supposedly gave him regarding Brown or anything about the two supposed controlled drug transactions involving Brown; and (7) defendants' failure to create a confidential informant file on Brown as required by Markham Police Department policy.

-6-

None of the evidence Brown points to indicates that the statements contained in the search warrant complaint are false or sufficiently calls into question the informant's existence.  First, Brown's repeated denial in his reply that anyone came to his house on either May 29, 2007 or May 30, 2007 to purchase narcotics is directly contradicted by his own deposition testimony:

> Q.   On May 29, 2007, did anybody come to your home and attempt to purchase cocaine?
>
> A.   Yes.
>
> Q.   Who came to your home?
>
> A.   I don't know the guy.

Brown's Dep. at 22.  Although Brown denies that he ever acted as an informant or provided any information about the criminal activities of others to the Markham police department, Brown admits signing a Confidential Informant Agreement in order to be released from police custody.  See Doc. #44, Exh. G.  Brown argues that Officer Walker's failure to document information Brown supposedly provided regarding crimes by other citizens suggests that the confidential informant may not exist.  Whether Brown ever acted as an informant is a different issue than whether he was released from custody because he agreed to act as a confidential information.  A negative answer to the former question does not shed any light on whether Officer Walker falsified information in support of the search warrant or on whether an informant existed in this case.

Brown says that the defendants' failure to charge him because he agreed to act as an informant is prohibited by the City of Markham's policy concerning informants

presumably because no judicial approval was obtained.  The informant policy provides in part:

> Informants will sometimes offer to exchange information for immunity, leniency, or their release.  These however can only be properly granted by a judge in a judicial proceeding.  Neither the department nor any member may grant any person immunity, leniency, or their release from custody.  When an officer intends to intercede on behalf of an informant or potential informant in relation to any legal proceedings, supervisory approval is required.  Informants or potential informants will not be made promises that prosecution will be declined or dismissed, or specific sentences received, but advised that legal authorities will be advised of their cooperation and asked to consider it in the pending legal matters in question.

Doc. 58-2, Ex. D.  Officer Walker believes he complied with Department procedures regarding informants because he had express approval from Assistant States' Attorney Jamie Voight to release Brown.  Walker Dep. at 159-62.  Officer Walker testified:

Q.    And tell me what you said to Jamie Voight and what Jamie Voight said to you.

A.    I advised her of the circumstances of the search warrant of the person taken in custody, and what was recovered, and I advised her that the – person was willing to cooperate and work as an informant.

Q.    Yes.

A.    And I asked her if it was required to bring him before her and a judge, because that was our departmental policy.  She informed me that unless it was a conspiracy case, judge's approval was not required, and that as far as the State's Attorney's Office is concerned, any arrestee that the police department takes into custody, if they are willing to cooperate, you don't have to charge them right then.

Q.    You can charge them later did she say?

A.    Right.  She said, see if – see if the information he's giving you is credible.  If he's – if he's going to work with you, then fine.

> If he doesn't work with you or he wants to cause a problem,
> then go ahead and charge him.

Walker Dep. at 160-61.    Standing alone, this purported inconsistency between the

Department's procedures regarding confidential informants and the release of Brown in

exchange for becoming a confidential informant does not sufficiently suggest that the

informant does not exist and is not enough to tip the scales in favor of disclosure of the

informant's identity.  Hampton, 600 F.3d at 637-38 (ordering disclosure of the identity of

an informant because there existed a "considerable amount of evidence" suggesting that

the informant did not exist).

Brown also claims that Officer Walker did not document information the confidential

informant supposedly gave him regarding Brown or anything about the two supposed

controlled drug buys.    Citing Officer Walker's testimony, Brown suggests that Officer

Walker again violated the Markham's policy concerning confidential informants by failing

to document the information regarding the alleged drug transactions by Brown.  Brown

mischaracterizes Officer Walker's testimony. Officer Walker was discussing an arrestee

that provided information concerning Frankie Brown, not the confidential informant. Officer

Walker testified that an arrestee informed him that Brown was selling narcotics.  Walker

Dep. at 50-53. Officer Walker informed his supervisor of what the arrestee reported and

was instructed to determine whether the information provided by the arrestee was bona

fide.  Id. at 54. Officer Walker then enlisted the use of the confidential informant to make

two controlled drug purchases from Brown.  Id. Plaintiff fails to explain how Officer Walker

in not documenting a statement made by an arrestee, who was not the confidential

informant and whose statement did not form the basis of the search warrant, is evidence that Officer Walker fabricated the existence of the confidential informant.

Brown's statement that Officer Walker did not document anything about the two controlled drug buys is incorrect. The confidential informant signed Informant Receipt of Funds forms on May 29, 2007 and May 30, 2007. Officer Walker further documented the controlled drug buys by inventorying the drugs purchased and creating inventory sheets. Doc. #70, Exh. D. Officer Walker then documented the transactions and what was told to him by the informant by beginning to draft the search warrant complaint. Walker Dep. at 103.

Finally, Brown relies heavily on the fact that the City failed to produce an informant file for Brown in response to his second request for production. Markham's counsel has informed the Court that Brown's informant file was subsequently located and produced to Brown's counsel on June 11, 2008.

## C.    Reprisal or Retaliation

Brown argues that it is defendants' burden to show that reprisal or retaliation against the informant is likely if the informant's identity is disclosed. Brown's statement of the law is wrong. "When asserting the privilege the government need not make a threshold showing that reprisal or retaliation is likely, because of the significant policy consideration behind the privilege, as well as the difficulty of such proof. Rather, the government is granted the privilege as of right." Dole, 870 F.2d at 372.

Brown further contends that disclosure should be ordered under an "attorney's eyes only" protective order which would appropriately balance the defendants' privilege against

Brown's need for the information. Brown says there is no need for him to know the identity and information pertaining to the confidential informant at this stage of the litigation because his attorneys can effectively represent his interests.

In support of this argument, Brown cites <u>Coleman-Johnson v. Chicago Police Officers</u>, 1996 WL 66140 (N.D. Ill. Feb 13, 1996). In that case, plaintiffs made a showing that there may have been reason to question the informant's reliability because defendants never previously relied on the informer and the informer had not previously provided reliable information. Plaintiffs further identified specific portions of the application for the search warrant that were purportedly false and defendants had failed to independently corroborate the informant's statement. <u>Id</u>. at *3-4. The <u>Coleman-Johnson</u> court limited disclosure of the informant's identity to plaintiffs' attorneys only. This case is distinguishable from <u>Coleman-Johnson</u> because Brown has not pointed to any evidence questioning the City of Markham's informant's reliability. In fact, Officer Walker stated in the complaint for search warrant that the informant had worked with him and other officers for a period of one year and had assisted in other drug related cases in which narcotics and weapons had been seized. Brown has failed to make any factual showing that any portion of complaint for search warrant is false, and here, the officers corroborated the informant's statements by conducting two controlled purchases of narcotics from Brown's residence.

<u>Hampton</u>, cited by Brown, does not help him either. In <u>Hampton</u>, the plaintiffs sought disclosure of the identity of an informant to determine whether probable cause existed for the issuance of a search warrant issued based upon the informant's

information.   The Hampton plaintiffs presented evidence creating a "serious factual controversy" regarding the existence or identity of the informant. Hampton, 600 F.2d at 637-39. The Seventh Circuit suggested that the parties move at the retrial for a protective order setting the terms of the disclosure of the informant's identity. Krauser v. Scalies, 1989 WL 158006, at *5 (N.D. Ill. Dec. 21 1989), which allowed discovery of an informant's identity, is also distinguishable because in that case plaintiffs "presented actual evidence bringing into question the informant's existence" and "none of the information pertaining to probable cause was based on [the officer's] personal knowledge."   Here, unlike in Hampton and Krauser, there are no facts in the current record sufficiently questioning the informant's existence and the search warrant complaint was based in large part on Officer Walker's first-hand arrangement and surveillance of two controlled substance purchases and not solely on what was disclosed by the informant.

## CONCLUSION

For these reasons, Plaintiff Frankie Brown's Motion to Compel [#22] is denied.

ENTER:

Nan R. Nolan
United States Magistrate Judge

Dated:  August 5, 2008

-12-